SOUTH SHOE MACHINE CO., INC.
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

Kennebec.   Opinion, February 27, 1963.

*Berman, Berman, Wernick, & Flaherty,* for the Plaintiff.

*Ralph W. Farris, Sr.,*
*John W. Benoit,* for the Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. SULLIVAN, J., does not concur. DUBORD, J., sat at argument, but retired before rendition of decision.

WEBBER, J.   The defendant in his capacity as State Tax Assessor appeals from a decision of the Superior Court setting aside the imposition in 1960 of a tax on the "use" of

property owned by plaintiff. The plaintiff, a nonresident corporation, leased shoe machinery to resident lessees to be used by them in their business in this state. No sales tax was paid on the sale of the property to the owner-lessor. Upon the facts disclosed by the record the plaintiff has correctly stated the issue to be "whether the lessor, having leased the machinery for use by lessees within the State of Maine, being an out of state corporation not qualified to do business in Maine and not having transacted any business in Maine, and having done nothing in Maine with respect to this machinery while located in Maine, can be said to have exercised in this state any right or power over this tangible personal property incident to its ownership thereof."

In *Trimount Co.* v. *Johnson, State Tax Assessor,* 152 Me. 109, we held that under such circumstances there was no taxable use by the owner-lessor in Maine within the meaning of the statute. The learned justice below, finding no distinguishing facts, concluded that *Trimount* governed in the instant case. The defendant, while recognizing that the matter before us is indistinguishable, urges that we reconsider and overrule *Trimount.*

Sec. 4 of R. S., Chap. 17 imposed a tax "on the storage, use or other consumption in this state of tangible personal property, purchased at retail sale." Sec. 2 defined "use" as follows: " 'Use' includes the exercise in this state of any right or power over tangible personal property incident to its ownership when purchased by the user at retail sale." In *Trimount* we held in effect that except as provided in the foregoing definition the word "use" as employed in the language of the act would be given *its ordinary meaning* and the lessee in Maine under a lease giving him full possession and control of the property would be deemed to be the sole user. The nonresident lessor would be deemed to "use" the property in Maine within the meaning of the statute only if

he *exercised* some right or power over the property within this state incident to his ownership. The mere *existence* of certain rights or powers in the owner-lessor reserved by the lease would not suffice to subject him to taxation if he failed to or refrained from *exercising* any such right or power in Maine. In *Trimount* we concluded at page 113: "From the agreed statement it appears that the petitioner (nonresident owner-lessor) has done nothing with respect to the machine within the State of Maine either before or since making the lease. We conclude, therefore, that the petitioner *has not exercised in this State any right or power* over the property within the statutory definition of 'use.'" (Emphasis supplied.)

No compelling reason has been advanced for assigning any different meaning to the language of the statute. No decision of any appellate court reaching a contrary result on like facts under a like statute has been brought to our attention.

The justice below correctly determined upon the facts of the instant case that there had been no "use" by the owner-lessor of the machinery in Maine as thus defined.

We note with interest that P. L., 1961, Chap. 58 amended R. S., Chap. 17 by adding a new section numbered 4-B, which section imposes a use tax on the rental of property in this state under certain conditions. The instant case arose prior to this amendment and is controlled by the form of the statute as it existed before the effective date thereof.

*Appeal denied.*