**PRECAST STRUCTURES, INC.**

v.

**STATE TAX ASSESSOR.**

Supreme Judicial Court of Maine.

Argued Jan. 3, 1990.

Decided Jan. 11, 1990.

Joanne I. Simonelli (orally), Isaacson & Raymond, Lewiston, for plaintiff.

James E. Tierney, Atty. Gen., Mary Jean Crouter (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

HORNBY, Justice.

This sales tax case raises the argument that certain items are nontaxable services independent of taxable personal property, that there is no liability for tax payments

erroneously forwarded to a destination other than the State Tax Assessor and that there is no liability for interest and penalties when the State Tax Assessor is responsible for a delay in the determination of the final amount of the tax. The case was presented to the Superior Court on an agreed statement of facts. We affirm the judgment of the Superior Court (Androscoggin County, *Perkins, J.*) upholding the State Tax Assessor's imposition of tax, interest and penalties.

■ Under Maine law, sales and use taxes are levied upon the sale, storage, use or consumption of tangible personal property. 36 M.R.S.A. § 1811, 1861 (1978 & Supp. 1989). The sales price upon which the tax is levied also includes "[s]ervices which are a part of a retail sale." 36 M.R.S.A. § 1752(14)(A)(1) (Supp.1989). The entity charged with tax liability here is Precast Structures, Inc. (Precast), a manufacturer and supplier of precast and prestressed concrete. Precast argues that it can exclude from its sales price on a particular contract amounts that it identifies as separate charges for engineering and mobilization services. The record does not reveal the nature of these engineering and mobilization services, nor even define the term mobilization as it is used in the sales contract. Since the burden is on Precast to show that these are not taxable items, *see* 36 M.R.S.A. § 1763 (1978), the State Tax Assessor's decision that these were part of Precast's retail sale of precast or prestressed concrete was not irrational. *See Jackson Advertising Corp. v. State Tax Assessor*, 551 A.2d 1365 (Me.1988).

■ Precast collected sales tax in some instances where it was properly due and in other instances that were exempt from taxation. In both sets of circumstances Precast forwarded the amounts to its own out-of-state vendors who, in some cases, failed to pay the tax monies to the State Tax Assessor. Precast now argues that it should not be held liable for these amounts because, by forwarding the tax payments, Precast has not benefitted from the tax money it collected.[1] But Precast's liability is clear under the statutes: Precast must pay the State Tax Assessor any amounts it has collected, including any "excess ... attributable to the collection of tax on exempt or nontaxable transactions or erroneous computation." 36 M.R.S.A. § 1814 (1978 & Supp.1989); *see also* 36 M.R.S.A. § 1811 (1978 & Supp.1989). Precast cannot escape its liability by sending the payments to a third party. There is no exception for amounts that have been improperly collected unless they are repaid to the purchaser from which they were collected. *See* 36 M.R.S.A. § 1814 (1978 & Supp.1989). All such amounts are subject to interest and penalties just like a properly collected tax. *See id.* The Superior Court, therefore, properly upheld the State Tax Assessor's imposition of tax, interest and penalties in these instances.

■ Finally, although the State Tax Assessor was responsible for an eight-month delay in reaching a final calculation of the amounts due, that does not entitle Precast to avoid payment of interest and penalties for that period on a theory of estoppel. The statute provides that interest accrues from the date on which payment would have been due if there had been no administrative review. 36 M.R.S.A. § 186 (Supp. 1989). That is not surprising since one who is liable for the tax like Precast has the full use of the money during that period. Penalties likewise accrue automatically. *See* 36 M.R.S.A. § 187 (1978 & Supp.1989). Precast could have halted the accrual of interest and penalties by paying the State Tax Assessor at the outset without voiding its rights to challenge the assessment. *See* 36 M.R.S.A. § 151 (1978 & Supp.1989). What Precast really seeks is an abatement of interest and penalties for the eight-month period. Requests for abatement, however, are properly addressed to the State Tax Assessor in the first instance. 36 M.R.S.A. §§ 186, 187 (1978 & Supp. 1989).

---

1. The record contains absolutely no explanation as to why Precast forwarded these amounts to its vendors nor does it show that there was no benefit to Precast as, for example, a credit against amounts otherwise due the vendors.