## L.L. BEAN, INC.

### v.

### STATE TAX ASSESSOR.

Supreme Judicial Court of Maine.

Argued Oct. 7, 1994.

Decided Nov. 1, 1994.

Martin I. Eisenstein (orally), Brann & Isaacson, Lewiston, for plaintiff.

Clifford B. Olson (orally), Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA,* and LIPEZ, JJ.

---

* Justice Dana sat at oral argument but participated no further.

WATHEN, Chief Justice.

The State Tax Assessor appeals from a judgment entered in the Superior Court (Cumberland County, *Brennan, J.*) in favor of L.L. Bean on its Petition for Review of Final Agency Action. The Assessor imposed a use tax on package inserts printed out-of-state, shipped to Bean in Maine, and later included in packages mailed to out-of-state customers. Finding no error in the Superior Court judgment, we affirm.

The facts may be summarized as follows: Between February 1, 1988 and August 31, 1990, Bean purchased certain package inserts (promotional materials advertising Bean products) from an out-of-state printer. Bean brought the package inserts into Maine, where after being stored, they were inserted in merchandise packages and shipped to Bean's out-of-state customers by common carrier. None of these package inserts were sent to Maine customers. The Assessor imposed a Maine use tax on the package inserts in the amount of $73,176.11 including interest and penalties, and denied a timely request for reconsideration. Bean sought review in the Superior Court pursuant to 5 M.R.S.A. § 11002 (1989), 36 M.R.S.A. § 151 (Supp. 1993), and M.R.Civ.P. 80C. Following a hearing, the Superior Court vacated the Tax Assessor's decision, and found that "[t]he undisputed facts demonstrate that no taxable 'use' of [Bean's] package inserts occurs within the State of Maine." The State Tax Assessor now appeals.

We review the Superior Court judgment directly. This somewhat unusual method of review results from the requirement in 36 M.R.S.A. § 151 that the Superior Court conduct a de novo hearing when reviewing a State Tax Assessor's decision.[1] Because the Superior Court did not exercise an appellate function, our normal direct review of a final agency decision, *see, e.g., Abbott v. Commissioner of Inland Fisheries and Wildlife,* 623 A.2d 1273, 1275 (Me.1993), is inappropriate.

The State Tax Assessor argues that the Superior Court erred as a matter of law in concluding that no taxable "use" of the package inserts occurred in Maine. At all times relevant to this case, Maine imposed a tax "on the storage, use or other consumption in this State of tangible personal property ... the sale of which, if it had occurred in this State, would be subject to [the sales] tax." 36 M.R.S.A. § 1861 (1990), *amended by* P.L. 1991, ch. 846, § 25 (effective Apr. 9, 1992).[2] The Sales and Use Tax Law excludes certain types of "use" from the taxation. " '[U]se' does not include keeping or retention or the exercise of power over tangible personal property brought into this State for the purpose of subsequently transporting it outside the State for use by the purchaser thereafter solely outside the State." 36 M.R.S.A. § 1752(16). The law also excludes certain types of "storage." 36 M.R.S.A. § 1752(15), (16). Because the Superior Court correctly found that Bean's "use" of the inserts was excluded, we need not address the exclusion for "storage."

Subsection 16, in defining a type of use excluded from taxation does not require that the out-of-state use be incident to ownership. The Assessor contends that "use" should not be given its common meaning because in establishing the general type of activities subject to tax, the Legislature specifically defines "use" as *"the exercise in this State* of any right or power over tangible personal property *incident to its ownership*

---

1. Pursuant to 36 M.R.S.A. § 151,

    [t]he State Tax Assessor's decision on reconsideration constitutes final agency action that is subject to review by the Superior Court in accordance with the Maine Administrative Procedure Act, except that *Title 5, sections 11006 and 11007 do not apply. The Superior Court shall conduct a de novo hearing and make a de novo determination of the merits of the case. It shall make its own determination as to all questions of fact or law.*

    (Emphasis added).

    The emphasized portion of this statute was added by P.L. 1991, ch. 873, § 3 (effective June 30,

    1992). While the Assessor assessed the use tax on June 7, 1991 prior to the effective date of this part of the statute, the parties assumed that the amended statute applies to this case on appeal because the Assessor's decision on reconsideration and Bean's petition for review occurred after the effective date.

2. This statute was amended following the assessment period at issue here. The current version may be found at 36 M.R.S.A. § 1861 (Supp. 1993).

when purchased by the user at retail sale," 36 M.R.S.A. § 1752(21) (emphasis added). The Assessor argues that upon delivery of the merchandise packages to the out-of-state customers, Bean no longer owned the package inserts, and thus any "use" that might occur at delivery could not be incident to Bean's ownership.

■ Obviously subsection 21 is expressly confined to an in-state context and is designed, in part, to preclude taxing the mere use of property by a non-owner. The exclusion set forth in subsection 16 provides a different context that logically suggests that we resort to the ordinary meaning of the word "use." *See* 36 M.R.S.A. § 1752 ("words ... have the meaning ascribed to them in this section, except where the context clearly indicates a different meaning"); *South Shoe Machine Co. v. Johnson,*[3] 159 Me. 74, 75, 188 A.2d 353 (1963) ("except as provided in the foregoing definition [now § 1752(21)] the word 'use' as employed in the language of the act would be given *its ordinary meaning*"); *Webster's New World Dictionary* 1564 (2d College ed. 1978) (defining "use" as "to put or bring into action or service; employ for or apply to a given purpose").

■ Bean meets the requirements for exclusion pursuant to 36 M.R.S.A. § 1752(16). First, it is undisputed that Bean brought the package inserts into Maine for the sole purpose of transporting them out-of-state. Second, applying the common meaning of the word "use," as a matter of law, Bean "used" the package inserts for marketing purposes solely outside Maine. The Superior Court did not err in construing subsection 16.

The entry is:

Judgment affirmed.

All concurring.

---

3. In *South Shoe Machine Co.,* we held that a nonresident owner-lessor of machinery, that was leased to Maine residents and used by them in the state, did not "use" the property in Maine and, therefore, was not subject to Maine use tax. 159 Me. at 75–76, 188 A.2d 353.