**ENERQUIN AIR, INC.**

v.

**STATE TAX ASSESSOR.**

Supreme Judicial Court of Maine.

Argued Nov. 1, 1995.

Decided Feb. 1, 1996.

---

Jonathan A. Block (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for Plaintiff.

Andrew Ketterer, Attorney General, Dennis M. Doiron (orally), Assistant Attorney General, Augusta, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Enerquin Air, Inc. appeals from the summary judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) in favor of the State Tax Assessor on Enerquin's complaint seeking a review, pursuant to 36 M.R.S.A. § 151 (Supp.1995), of the Assessor's denial of its request for reconsideration of the assessment of a use tax imposed for the use of certain materials incorporated into an air process system installed in a building owned by S.D. Warren. Contrary to Enerquin's contentions, the trial court properly determined as a matter of law that the system was annexed to S.D. Warren's building and sold by Enerquin to S.D. Warren as realty and therefore subject to the use tax pursuant to 36 M.R.S.A. §§ 1752(11) (1990 & Supp.1995) and 1861 (Supp.1995). Accordingly, we affirm the judgment.

This dispute arose from S.D. Warren's expansion of its paper making operations at Skowhegan where, over a period of time, it was constructing new buildings to house new paper machines. During this expansion, Enerquin entered into an agreement with S.D. Warren for the off-site fabrication and assembly of an air process system to be installed in building number 3, which was being constructed to house a new paper machine. The sale and transfer of title of the system from Enerquin to S.D. Warren occurred after its installation. By a notice to Enerquin in November 1992, the Assessor imposed on Enerquin a use tax, plus interest and penalties, for the use of certain materials incorporated in that part of the air process system attached to the building.[1] In response to Enerquin's petition for reconsideration of the assessment pursuant to 36 M.R.S.A. § 151, the Assessor removed the penalties, reduced the assessment by a small amount, but upheld the assessment of a use tax.

Enerquin filed the present action alleging that the assessed items were purchased and resold by Enerquin as tangible personal property and were not subject to a use tax. Following completion of discovery procedures, both parties filed a motion for a summary judgment. The parties agreed that it was not the facts but the interpretation of those facts that was in dispute. The court had before it extensive documentation, including, *inter alia*, extensive statements of material facts; S.D. Warren's instruction to

---

1. The exhaust hoods and related exhaust equipment and the components of the system attached to and providing heat directly into the paper machine were determined by the Assessor not to be real estate fixtures and were not taxed.

bidders; the agreement between Enerquin and S.D. Warren; and drawings, photographs and affidavits focusing on many of the components of the system, its installation and function with relation to building number 3, and the effect of its removal. After a hearing, the court, in reliance on *Bangor–Hydro Electric Co. v. Johnson,* 226 A.2d 371 (Me. 1967), determined as a matter of law that the property at issue was sold as real property and is subject to the use tax, and accordingly, granted the Assessor's motion. From the judgment entered in favor of the Assessor, Enerquin appeals.

## I

■ "In reviewing the grant of a motion for a summary judgment, we examine the evidence in the light most favorable to the nonprevailing party to determine whether the trial court committed an error of law." *Dubois v. City of Saco,* 645 A.2d 1125, 1127 (Me.1994). A use tax is imposed on the storage, use or other consumption in this state of tangible personal property the sale of which would be subject to a sales tax. 36 M.R.S.A. § 1861 (Supp.1995). A sales tax is imposed on the value of all tangible personal property "sold at retail" in this state. 36 M.R.S.A. § 1811 (Supp.1995). A "retail sale" is "any sale of tangible personal property in the ordinary course of business for any purpose other than for resale, except resale as a casual sale, in the form of tangible personal property." 36 M.R.S.A. § 1752(11) (Supp. 1995). Accordingly, sales of tangible personal property which are later resold as tangible personal property are exempt from a sales tax. *Id.* Sales of tangible personal property incorporated into and sold as real property, however, are subject to a use tax. *Katz v. State Tax Assessor,* 472 A.2d 428, 430–31 (Me.1984).

Although 36 M.R.S.A. § 1752(17) (1990) defines "tangible personal property" as "personal property which may be seen, weighed, measured, felt, touched or in any other manner perceived by the senses, ..." the tax statute affords no definition of "real property" or "realty." There is nothing in the statute, however, either limiting or expanding the definition of "real property" or "real-

ty" established by the general principles of property law or preventing the application of those principles in determining whether tangible personal property has become a part of real estate by accession. In the seminal case of *Bangor–Hydro Electric,* 226 A.2d at 371, we set forth the three-part test applicable to that determination. Pursuant to 36 M.R.S.A. § 151, Enerquin had the burden of proof on all issues presented to the trial court.

## II

In the first instance, we address Enerquin's contention that although the 1991 amendment to 36 M.R.S.A. § 151 effected a change in the role of the Superior Court with regard to questions of fact, the amendment did not affect the court's role as to questions of law. Enerquin argues that by reason of the court's misinterpretation of the effect of the amendment, the court erred by not giving significant weight to the Assessor's previous decisions involving the application of 36 M.R.S.A. § 1861. We disagree.

In pertinent part, section 151 provides:

The State Tax Assessor's decision on reconsideration constitutes final agency action *that* is subject to review by the Superior Court in accordance with the Maine Administrative Procedure Act, *except that Title 5, sections 11006 and 11007 do not apply. The Superior Court shall conduct a de novo hearing and make a de novo determination of the merits of the case. It shall make its own determination as to all questions of fact or law. The Superior Court shall enter such orders and decrees as the case may require. The burden of proof is on the taxpayer.*

36 M.R.S.A. § 151 (emphasis added to depict the language of the amendment by P.L.1991, ch. 873, § 3, effective June 30, 1992).

■ Enerquin misconceives the effect of the language of the present statute. Following the 1991 amendment, the Superior Court no longer functions in an appellate capacity for the purpose of reviewing the decision of the Assessor. Rather, the court functions as the forum of origin for a determination of both facts and law. In that capacity it would

be inappropriate for the court to defer to previous decisions of one of the litigants or to give deference to one of the litigant's interpretations of the law applicable to the facts as determined by the court or agreed to by the parties. *See L.L. Bean, Inc. v. State Tax Assessor,* 649 A.2d 331, 332 (Me.1994) (because of requirements of section 151, Superior Court did not exercise appellate function in determining whether plaintiff met requirements for tax exclusion pursuant to 36 M.R.S.A. § 1752(16)).

### III

Enerquin next contends that by its failure to follow our decision in *International Paper Co. v. Halperin,* 428 A.2d 1182 (Me.1981), the trial court erred in finding the property at issue is realty rather than tangible personal property. We disagree. In *International Paper,* the issue was whether an emission stack and breaching system purchased by the paper company was used *directly and primarily* in the production of tangible personal property intended for sale and therefore exempt from taxation pursuant to 36 M.R.S.A. § 1760(31) (Supp.1976–77). As clearly noted in our decision in *International Paper,* and properly recounted in the trial court's decision in the present case, we relied on the stipulated facts for our ruling. *Id.* at 1183. The issue of whether the property was exempt from taxation pursuant to 36 M.R.S.A. § 1861 was neither presented nor determined.

### IV

Enerquin next contends that the trial court erred by its determination that the evidence before it satisfies the second and third parts of the three-part test set forth in *Bangor–Hydro Electric.*[2] We disagree. In *Bangor–Hydro Electric,* we set forth the three-part test to be applied in determining whether personalty has become affixed to realty:

> The test to determine whether personal property becomes part of real estate by accession, composed from Maine case law

may be expressed as follows: ... a chattel is not merged in the realty, unless (1) it is physically annexed, at least by juxtaposition, to the realty or some appurtenance thereof, (2) it is adapted to the use to which the land to which it is annexed is put, or the chattel and the real estate are united in the prosecution of a common enterprise, and (3) it was so annexed with the intention on the part of the person making the annexation to make it a permanent accession to the realty, which intention is not the hidden secret intention of the party making the annexation, but the intention which the law deduces from such external facts as the structure and mode of attachment, the purpose and use for which the annexation has been made and the relation and use of the party making it.

*Bangor–Hydro Electric,* 226 A.2d at 378 (citations omitted).

With regard to the application of the second part of the test, we adopted the interpretation of the language set forth in *Pope v. Jackson,* 65 Me. 162, 165 (1876), that "[i]t is not the mere fastening that is so much to be regarded, as the nature of the thing, its adaptation to the uses and purposes for which and to which the building is erected or appropriated." *Bangor–Hydro Electric,* 226 A.2d at 376. Applying that test to the evidence before it that the air process system was designed and installed to perform functions essential to the operation of building number 3, and that S.D. Warren is the owner and user of both the air process system and the underlying realty, the trial court properly determined that the system was "adapted to the use to which the building was put."

With regard to the third part of the test, the court had before it the agreement between Enerquin and S.D. Warren requiring that Enerquin include all sales and use taxes in its sales price of the air process system. It also had before it drawings and photographs depicting the mode by which the system was annexed to building number 3 as well as testimony, *inter alia,* that the system

---

2. Enerquin does not challenge the trial court's determination that the portion of the air process system at issue is physically annexed to the realty within the purview of the first part of the three-part test.

had been designed to accommodate the requirements of the building, that the system was heavily intertwined with the building structure, and that removal of the system would create large holes in the walls of each of the rooms and twelve large holes in the roof. From these external facts, the trial court properly determined that it was the objective intent of S.D. Warren to annex the system as realty. *Bangor–Hydro Electric,* 226 A.2d at 378.

## V

We find no merit in Enerquin's final contention that an undefined "functional test" should be substituted for the three-part test set forth in *Bangor–Hydro Electric.* Function is a factor properly considered in determining whether the contested property is intended to be realty or personalty. Enerquin cites no authority, and we find none, for separating that factor from the three-part test, or for the proposition that a functional test should be determinative of whether tangible personal property has become a part of realty for the purposes of taxation.

The entry is:

Judgment affirmed.

All concurring.