## SERVICE & ERECTION CO.

v.

## STATE TAX ASSESSOR.

Supreme Judicial Court of Maine.

Argued Sept. 3, 1996.

Decided Sept. 27, 1996.

---

Martin Eisenstein (orally), Brann & Isaacson, Lewiston, for Plaintiff.

Stanley Piecuch (orally), Assistant Attorney General, Augusta, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Service & Erection Co. (S & E) appeals from the judgment entered in the Superior Court (Kennebec County, *Fritzsche, J.*) granting the State Tax Assessor's motion to dismiss its complaint for the review of a final agency action. Because we agree with S & E that the provisions of 36 M.R.S.A. § 151 (Supp.1995) govern, we vacate the judgment.

On January 13, 1992, the Assessor issued to S & E an assessment of use tax, interest and penalties. S & E filed a petition for reconsideration with the Assessor. The petition for reconsideration was denied on December 23, 1993. Pursuant to 36 M.R.S.A. § 151 and M.R.Civ.P. 80C, on January 25, 1994, S & E filed the present complaint seeking review of the denial by the Assessor of S & E's petition for reconsideration. The assessor filed a motion to dismiss the complaint on August 24, 1995, alleging that S & E's failure to file a motion for the taking of additional evidence as required by Rule 80C(e) rendered impossible S & E's ability to meet its burden of proof. After a hearing on the Assessor's motion to dismiss the action, the court directed the dismissal of the complaint on the ground that S & E failed to file a motion for the taking of additional evidence "within 40 days of filing the complaint as required by Rule 80C(e)."[1] From the judgment entered accordingly, S & E appeals.

S & E contends that the trial court erred by dismissing its complaint. It argues that because section 151[2] expressly requires the Superior Court, as the forum of origin, to conduct a *de novo* trial as to both the facts and the applicable law, that statute governs

---

1. Rule 80C(e) provides in pertinent part:

   A party who intends to request that the reviewing court take additional evidence ... shall file a motion to that effect.... On a petition for review under 36 M.R.S.A. § 151, the motion shall be filed within 40 days of the filing of the petition. The failure of a party to file such a motion shall constitute a waiver of any right to the taking of any additional evidence.

2. 36 M.R.S.A. § 151 provides in pertinent part:

   The State Tax Assessor's decision on reconsideration constitutes final agency action that is subject to review by the Superior Court in accordance with the Maine Administrative Procedures Act, except that Title 5, sections 11006 and 11007 do not apply. The Superior Court shall conduct a de novo hearing and make a de novo determination of the merits of the case. It shall make its own determination as to all questions of fact and law.

   36 M.R.S.A. § 151 (Supp.1995).

any inconsistency between the statute and Rule 80C(e). We agree.

Rule 80C, as last amended on February 15, 1990, Me.Rptr. 563–575 A.2d XXXI, establishes Rule 80C and other applicable provisions of the Rules of Civil Procedure as the procedural mode for review pursuant to the Maine Administrative Procedures Act, "except to the extent inconsistent with the provisions of a statute." *See* Me.Rptr. 459–466 A.2d XLVII–XLVIII. We have previously stated that in the interpretation of the Rules of Civil Procedure we exercise plenary review. *Mondello v. General Elec. Co.,* 650 A.2d 941, 943 (Me.1994).

In *Jackson Advertising v. State Tax Assessor,* 551 A.2d 1365 (Me.1988), in addressing the scope of judicial review pursuant to the then applicable provisions of section 151, we stated that "judicial review is confined to a 'complete review of questions of law and to limited review of questions of fact only to test the reasonableness of the conclusions reached.'" *Id.* at 1366 (citing *Frank v. Assessors of Skowhegan,* 329 A.2d 167, 170 (Me. 1974)).

By P.L.1991, ch. 873, § 3, effective June 30, 1992, the Legislature amended section 151 to provide that: "The Superior Court shall conduct a *de novo* hearing and make a *de novo* determination of the merits of the case. It shall make its own determination as to all questions of fact or law." In *Enerquin Air, Inc. v. State Tax Assessor,* 670 A.2d 926, 928 (Me.1996), we addressed the effect of the amendment and stated, "the Superior Court no longer functions in an appellate capacity for the purpose of reviewing the decision of the Assessor. Rather, the court functions as the *forum of origin* for a determination of both facts and law." (Emphasis added). It follows, therefore, that when the Superior Court functions as a forum of origin, the requirements of Rule 80C(e) are inapplicable to the proceedings before it. Because the requirement of Rule 80C(e) that S & E file a motion for the taking of additional evidence within 40 days of filing its complaint or it waives the presentation of any evidence before the Superior Court at the time of the trial is inconsistent with the express purpose of section 151, the statute must prevail. Accordingly, the trial court erred by granting the Assessor's motion to dismiss.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.