**Russell H. GILLEN, et al.**

v.

**STATE TAX ASSESSOR.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 13, 1996.

Decided Dec. 31, 1996.

Russell H. Gillen, pro se.

Katie Gillen, pro se.

Crombie J.D. Garrett, Jr., Assistant Attorney General, Augusta, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

Russell H. Gillen and Katie Gillen appeal from the judgment entered in the Superior Court (Waldo County, *Marsano, J.*) granting the State Tax Assessor's motion to dismiss the Gillens' petition for review of final agency action. We vacate the judgment.

In 1993 the State Tax Assessor determined that the Gillens had failed to pay some sales taxes and that they owed $29,505.10 in unpaid taxes, interest and penalties. Following the Gillens' request for reconsideration, the Assessor upheld the original tax assessment but reduced the penalties. The Gillens filed a petition for review of final agency action in the Superior Court. The Assessor successfully moved to dismiss the Gillens' petition pursuant to M.R.Civ.P. 80C(e)[1] because the Gillens had not moved to take additional evidence within 40 days of filing their petition, had therefore waived their right to present evidence in support of their petition, and could not maintain their burden of proof pursuant to 36 M.R.S.A. § 151 (Supp.1995).[2]

In an opinion rendered after the trial court's dismissal, we concluded that M.R.Civ.P. 80C(e) is inconsistent with the purposes of 36 M.R.S.A. § 151 and is inapplicable when the Superior Court functions as the forum of origin. *Service & Erection Co. v. State Tax Assessor*, 684 A.2d 1, 2 (Me. 1996). Thus, the trial court erred when it dismissed the Gillens' petition for failure to move for additional evidence pursuant to M.R.Civ.P. 80C(e).

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. Rule 80C(e) provides:
   **Additional Evidence.** A party who intends to request that the reviewing court take additional evidence ... shall file a motion to that effect.... On a petition for review under 36 M.R.S.A. § 151, the motion shall be filed within 40 days of the filing of the petition. The failure of a party to file such a motion shall constitute a waiver of any right to the taking of additional evidence.

2. 36 M.R.S.A. § 151 (Supp.1995) provides:

The State Tax Assessor's decision on reconsideration constitutes final agency action that is subject to review by the Superior Court in accordance with the Maine Administrative Procedure Act, except that Title 5, sections 11006 and 11007 do not apply. The Superior Court shall conduct a de novo hearing and make a de novo determination of the merits of the case. It shall make its own determination as to all questions of fact or law.... The burden of proof is on the taxpayer.