STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-29

PATRICIA A. DANISINKA-WASHBURN,

    Petitioner

v.

STATE TAX ASSESSOR,

    Respondent

ORDER ON MOTION
FOR SUMMARY JUDGMENT

This matter is before the court on respondent's motion for summary judgment as to petitioner's 80C appeal. In her petition, the petitioner seeks relief from the court by modifying, reversing, and/or remanding the determination by the respondent to prevent the renewal or extension of petitioner's license to practice law in the State of Maine as issued by the Board of Overseers of the Bar. "Generally, a motion for summary judgment is inappropriate in an appeal on questions of law only from administrative agencies." *Martin v. Unemployment Ins. Comm'n*, 1998 ME 271, ¶ 8, 723 A.2d 412, 415 (citations omitted). Therefore, a motion for summary judgment may not be entertained by a court solely in its capacity as an appellate tribunal, where the court has no independent factfinding authority. *Id.* However, in narrow circumstances a court, otherwise sitting as an appellate tribunal, may find facts. *Fairchild Semiconductor v. State Tax Assessor*, 1999 ME 170, ¶ 7, 740 A.2d 584, 586 (Superior Court serves as forum of origin for a determination of both facts and law when reviewing decisions of the State Tax Assessor). This authority to find facts and law on a de novo standard of review is granted by 36 M.R.S.A. § 151. Therefore, the court does not sit in its appellate capacity when reviewing the State Tax Assessor's decision. *Enerquin Air, Inc. v. State*

*Tax Assessor*, 670 A.2d 926, 928 (Me. 1996). As such, this court may entertain the respondent's motion for summary judgment.

A summary judgment is proper when the citations to the record found in the parties' Rule 7(d) statements demonstrate that no genuine issue of material fact has been generated and that a party is entitled to a judgment as a matter of law. *See Corey v. Norman, Hanson & Detroy*, 1999 ME 196, ¶ 7, 742 A.2d 933, 937.[1]

The petitioner is an attorney practicing in Skowhegan. She has incurred withholding liabilities to the State for failure to pay sums that she withheld from her employees' wages from January 1, 1987 to December 31, 1997, except the third quarter of '94 and the second quarter of '97. The State Tax Assessor sent a February 2, 1998 letter demanding that she pay her overdue withholding tax debt within ten days. Having failed to respond to the letter, the Assessor sent a "specific request letter" on December 11, 1998, by certified mail, again demanding that Washburn pay her overdue tax debt and file her overdue income tax returns (she had not filed returns for tax years 1994-1997) within thirty days. Petitioner did not respond to this letter. The Assessor sent a "second specific request" letter by certified mail reiterating the demands in the first letter. Still no response was heard from Washburn. On March 11, 1999, the Assessor sent a final warning by certified mail that largely repeated the warnings of the previous letters with the additional caution that failure to pay her tax debt within thirty days may result in the loss of her license to practice law. Unfortunately, the petitioner continued on a course of inaction. As a result, the Assessor sent a "notice of

---

[1] The petitioner has failed to comply with M.R. Civ. P. 56(h) in almost every respect. She has not admitted, denied, or qualified the Assessor's statement of material facts by reference to each numbered paragraph. The consequence of failing to properly controvert the movant's statement of material of fact is to deem those facts admitted. *Id.*

2

determination" which informed the petitioner of the Assessor's determination to prevent renewal, reissuance, or extension of her license to practice law. Washburn then responded by letter of July 1, 1999 requesting that the Assessor reconsider his determination. The Assessor denied the request for reconsideration and affirmed his determination.[2] The petitioner timely filed this 80C appeal from the Assessor's determination to prevent renewal, reissuance, or extension of her law license.

Petitioner opposes the respondent's motion by asserting that there are genuine issues as to several material facts, the Assessor is not entitled to a judgment as a matter of law, and that the petitioner is entitled to have this court determine the matter de novo. In her argument in support of that position, she asserts that she is suffering from the effects and complications of diabetes and has had to severely limit her law practice. She asserts that her income has decreased substantially since 1994 and does not exceed $25,000. She denies that she has failed to pay the tax or that failure to file returns was intentional, wrongful, or without sufficient cause. Petitioner argues that she received no response from the respondent when she made a request for reconsideration or her offer of making a payment arrangement with appropriate deadlines for filing of returns. Petitioner argues that she has attempted for many years to resolve her problems with the State Tax Assessor relative to outstanding tax obligations and failure to file but that the State of Maine and the Tax Assessor's office has refused to negotiate a reasonable settlement and have acted in bad faith.

---

2 It appears that a hearing for reconsideration may have been scheduled but petitioner failed to appear.

3

Finally, petitioner argues that she remains willing to enter an agreement with the respondent for the payment of withholding taxes and the filing of a return but that respondent does not appear willing to accept an arrangement.[3]

By date of October 9, 1994, the petitioner sent a letter to a member of the Tax Compliance Unit of the Bureau of Taxation requesting a reconsideration and providing details of her financial situation. She indicated a request to resume a payment arrangement and included a check for $50. She promised to forward $25 per week indefinitely asking that the payments be made on her 1994 income tax liability. Plaintiff alleges that she made 116 payments from October of 1994 until November 1997 totaling the amount of $3,545. She alleges copies of those checks were attached to her affidavit but are not in the court file. The respondent denies the existence of any agreement with respect to petitioner's payment and asserts that it is the long standing policy of the State Revenue Service to first apply any such payments made to a taxpayer's oldest, nontrust fund tax debt. Respondent continues to assert that petitioner has never presented a substantive payment plan.

Title 36 M.R.S.A. § 175(2) provides:

If the State Tax Assessor determines that any person who holds a state-issued license or certificate of authority to conduct a profession, trade or business has neglected or refused to file any returns at the time required under this Title or to pay a tax liability due under this Title that has been demanded . . ., and the person continues to fail to file or pay after at least two specific written notices, each giving 30 days to respond, are sent by certified mail or served by a civil officer, then the Assessor shall notify the person in writing that refusal to file the required tax return or to pay the

---

[3] At oral argument on the motion for summary judgment, counsel for the respondent stated to the court that respondent was still willing to enter into an appropriate agreement as provided in 36 M.R.S.A. § 175(6). In response to the court's question to the petitioner asking for explanation of her failure to file returns notwithstanding the pendency of this action for almost two years and the minimal income allegedly received by her during the periods in question, the petitioner responded that the returns were still in the process of being prepared by her accountant.

4

overdue tax liability may result in loss of license or certificate of authority. If the person continues for a period in excess of 30 days from notice of possible denial of renewal or reissuance of a license or certificate of authority to fail to file or show reason why the person is not required to file or if the person continues not to pay, the State Tax Assessor shall notify the person in writing of the determination to prevent renewal, reissuance or extension of the license or certificate authority by the issuing agency.

The State Tax Assessor argues that it is entitled to summary judgment based on the facts as recited and as those facts are applied to 36 M.R.S.A. § 175(2) (Supp. 2000).

Washburn essentially argues that health problems associated with her condition as a diabetic have impaired her ability to practice law on a full-time basis and consequently to enable her to pay off her tax liability. This fact, while unfortunate, is not material to the court's analysis. She also argues that the State has acted in bad faith but provides no support for this allegation. She alleges that she has made 116 payments to the Maine Revenue Service from October 1994 to November 1997, which payments have been acknowledged by the respondent but which were credited to her oldest nontrust fund liability. Contrary to that policy, petitioner argues that she understood that these payments would keep her in good stead with the Maine Revenue Service for the then current year. The payments were applied to the petitioner's tax obligations for 1984-1986 but not were applied to her withholding tax obligations from 1987-1997.

Washburn relies on her letter to Elizabeth Dodge, an employee of the Maine Revenue Service, requesting a reconsideration of the Assessor's determination. Even if the court accepts that the letter proposes an installment payment plan between Washburn and the respondent, the evidence does not indicate that the Maine Revenue Service actually agreed to the proposal. Unfortunate as it is, Washburn's predicament

was brought on largely by her misapprehension that her payments would hold the Maine Revenue Service's efforts to prevent renewal of her license in abeyance.

This is a review of final agency action brought in this court pursuant to 5 M.R.S.A. § 11001 *et seq.*, the Maine Administrative Procedures Act and M.R. Civ. P. 80C(a). The manner and scope of review as provided by M.R. Civ. P. 80C(c) shall be in accordance with 5 M.R.S.A. § 11007(2-4). Under that authority, the court may affirm the decision of the agency, remand the case for further proceedings, or reverse or modify the decision. In order to reverse or so modify, the court must find that the agency decision was in violation of the law or Constitution, in excess of the authority of the agency, made upon unlawful procedure, affected by bias or error of law, unsupported by substantial evidence, or arbitrary, capricious, or characterized by abuse of discretion. This court is satisfied that there is no genuine dispute of material fact and that the State Tax Assessor has not violated the Constitution, or statute, has not exceeded its authority, has not proceeded by unlawful procedure or affected by bias or error of law, is supported by substantial evidence on the whole record, and that the decision is not arbitrary, capricious, or an abuse of discretion.

Neither the State Tax Assessor nor the court should view the refusal to renew, reissue or extend a license or certificate lightly. This is specially true where the license is that of an officer of the court who has distinguished herself with many years of faithful service to the law and of particular assistance to those with limited or no means to otherwise avail themselves of relief in a court proceeding. However, it is that very knowledge of the law that makes it particularly grievous when one fails to comply with the Tax Code of the State of Maine. Certainly, the petitioner is aware of the means of entering into a binding agreement with the Maine Revenue Service and filing

appropriate tax returns even when the income is not sufficient to require a tax payment. Further, appropriate and routine communications with the taxing authority should provide sufficient accounting so that the taxpayer is well aware of the application of any payments made.

The court would sincerely hope that the petitioner would take full advantage of the respondent's offer to enter an agreement in order to preserve her license even at this late date. Certainly, such an agreement should contain a requirement that all tax returns be filed by a reasonably accessible date, that the taxpayer present appropriate financial statements to the Revenue Service for consideration of ability to pay, that a payment plan is consistent with a needs analysis of the taxpayer's financial condition and compliance for a reasonable period to assure the viability of the plan and good faith of the taxpayer. Obviously, the details of such an agreement must be left to the parties involved. For the part of the court, it is left no choice but to examine the case before it under the rules and to follow the law.

The entry will be:

There being no genuine issue of material fact, respondent's motion for summary judgment is GRANTED; judgment awarded to the respondent; decision of the State Tax Assessor is AFFIRMED; the matter is REMANDED to the State Tax Assessor for further proceedings.

Dated: August _16_, 2001

Donald H. Marden
Justice, Superior Court

7

Date Filed __5/15/00__ _____Kennebec_____ Docket No. ___AP00-29___
County

Action __80C_____

# J. MARDEN

Patricia Danisinka Washburn          vs. State of Maine, Me Revenue Service

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Patricia Danisinka Washburn<br>PO Box 596<br>Skowhegan Me  04976 | -Stanley Piecuch AAG<br>State House Sta. 6<br>Augusta, Maine  04333 |

| Date of Entry | |
|---|---|
| 5/15/00 | Complaint for review of governmental action pursuant to MRCP Rule 80B filed.  s/Washburn Pro Se |
| 5/25/00 | Entry of Appearance by Stanley Piecuch, AAG. for Dft. State, filed. |
| 6/5/00 | Assessor's Motion for Procedural Order with Memorandum of Law, filed. s/Piecuch,AAG<br>Request for Hearing, filed. s/Piecuch, AAG<br>Proposed Procedural Order, filed. |
| 6/6/00 | Original return service on Maine Revenue Services on 5/19/00 filed. |
| 6/12/00 | Notification of Discovery Service, filed. s/Piecuch, AAG<br>Assessor's First Request for Admissions of Petitioner served on Patricia A. Danisinka-Washburn, Esq. on 6/7/00 |
| 7/5/00 | PROCEDURAL ORDER, Marden, J. (dated 6/29/00)<br>(Discovery deadline is December 1, 2000.  Any motion for summary judgment shall be filed by February 1, 2001.)<br>Copies mailed to attys of record. |
| 8/2/00 | Notification of Discovery Service, filed. s/Danisinka- Washburn, Pro Se<br>Plaintiff's Answers to Defendant's Request for Admissions served on Stanley W. Piecuch, AAG on 7/24/00 |
| 9/25/00 | Notification of Discovery Service filed.  s/Piecuch, AAG.<br>Assessor's Interrogatories and Request for Production of Documents to Petitioner served on Patricia A. Danisinka-Washburn, Esq., on 9/25/00. |
| 12/15/00 | Notification of Discovery Service, filed. s/Danisinka-Washburn, Esq.<br>Plaintiff's Answers to Assessor's Interrogatories and Request for  Product of Documents served on Stanley W. Piecuch, AAG on 12/11/00 |