2004 ME 120

**Frank A. SMITH et al.**

v.

**STATE TAX ASSESSOR.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 9, 2004.

Decided: Sept. 21, 2004.

Frank & Arline Smith, Ogunquit, for plaintiffs.

G. Steven Rowe, Attorney General, Michael Miller, Asst. Attorney General, Stanley W. Piecuch, Asst. Attorney General, Augusta, for defendant.

Panel: SAUFLEY, C.J., and RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Frank A. and Arline Smith appeal from a judgment of the Superior Court (York County, *Fritzsche, J.*) affirming the State Tax Assessor's decision denying their petition for reconsideration of the Maine resident income tax assessed against the Smiths for the tax years 1999 and 2000. The Smiths argue that: (1) 36 M.R.S.A. § 5122(2)(F) (1990) allows them to subtract from their Maine adjusted gross income the distributions from their IRA and SEP accounts,[1] and (2) the Maine income tax assessed against income arising from distributions of their IRA and SEP accounts violates the Commerce, Equal Protection, and Full Faith and Credit Clauses of the United States Constitution. Finding no error in application of the Maine income tax laws to the Smiths' income as reported on their Maine and federal income tax returns, we affirm.

## I. CASE HISTORY

[¶ 2] Prior to July 1, 1998, the Smiths were residents of Massachusetts. While residents of Massachusetts, the Smiths contributed earned income to IRA and SEP accounts and deducted those contributions on their federal income tax returns pursuant to federal law. Unlike Maine tax law that largely conforms to federal law to determine taxable income, the Massachusetts tax law in effect at the time did not allow similar deductions. Thus, the Smiths paid Massachusetts income tax on the income contributed to their IRA and SEP accounts for the year that the income was earned.

[¶ 3] In tax years 1999 and 2000, the Smiths were residents of Maine. During those years, the Smiths received distributions from their IRA and SEP accounts. For those years, the Smiths filed joint federal income tax returns on which they reported, as a part of their federal adjusted gross income, distributions from their IRA or SEP accounts. On their Maine income tax returns for 1999 and 2000, the Smiths claimed an income modification in the amount equal to the distributions from their IRA and SEP accounts and omitted those amounts from their taxable income. They omitted those amounts because, in their view, the distributions from the accounts, while reported as federal adjusted gross income for the years 1999 and 2000, actually represented income earned in earlier years that had been taxed by Massachusetts.

[¶ 4] After an audit by the Maine Revenue Services, the Smiths' income modifications on their Maine tax returns were disallowed, and they were assessed a total of $4078.11 in tax, interest, and penalties. A petition for reconsideration was denied by the State Tax Assessor. The Smiths then petitioned for judicial review pursuant to 36 M.R.S.A. § 151 (Supp.2002) and M.R. Civ. P. 80C. The Superior Court affirmed the decision of the State Tax Assessor. The Smiths then brought this appeal.

---

1. Individual Retirement Accounts (IRAs) and Simplified Employee Pension Plans (SEPs) are deferred income accounts with qualifying contributions from income, up to specified amounts, exempt from federal and some state income taxes at the time of contribution, with those income taxes deferred to be imposed upon the contributions when they are withdrawn, usually after a person's retirement.

## II. STANDARD OF REVIEW

■ [¶ 5] The parties agree that there are no disputes as to material facts. In a tax appeal pursuant to 36 M.R.S.A. § 151, we review the Superior Court's determinations of law de novo. *Flik Int'l Corp. v. State Tax Assessor*, 2002 ME 176, ¶ 8, 812 A.2d 974, 976.

## III. LEGAL ANALYSIS

■ [¶ 6] For the 1999 and 2000 tax years, the Maine Tax Code tracked the Internal Revenue Code, making Maine taxable income equal to an individual's federal adjusted gross income as defined by federal law, with the modifications, deductions, and personal exemptions provided under Maine law. 36 M.R.S.A. § 5121 (1990).[2]

[¶ 7] Modifications in the computation of Maine taxable income for resident individuals are stated in 36 M.R.S.A. § 5122 (1990 & Supp.2003). The adjustment that is the particular focus of this litigation is stated in 36 M.R.S.A. § 5122(2)(F) which indicates that federal adjusted gross income shall be reduced by "[a]n amount equal to income taxes imposed by this State or any other taxing jurisdiction on the taxpayer that are included in the taxpayer's federal adjusted gross income." Pursuant to this section, taxes imposed by the State of Maine, or any other taxing jurisdiction, on income reported as federal adjusted gross income, are deducted prior to the calculation of Maine taxable income.

[¶ 8] The Smiths argue that because they paid Massachusetts income taxes on the contributions to their IRA and SEP accounts when the contributions were made, they may deduct those Massachusetts taxes, paid between 1982 and 1998, from the distributions reported as part of their federal adjusted gross income prior to calculating their Maine taxable income.

[¶ 9] The Massachusetts income taxes were not imposed in tax years 1999 and 2000, and they were not imposed on the IRA and SEP distributions reported as federal adjusted gross income in 1999 and 2000. Because the Massachusetts taxes were not imposed in the 1999 and 2000 tax years on the income reported as federal adjusted gross income as a result of the IRA and SEP distributions, the modification provided by 36 M.R.S.A. § 5122(2)(F) does not apply.

■ [¶ 10] The Smiths also assert that their IRA and SEP account distributions are in effect distributions of income that was previously taxed by the Commonwealth of Massachusetts and that, therefore, Maine's imposition of an income tax on income previously taxed by the Commonwealth of Massachusetts violates the Commerce, Equal Protection,[3] and Full Faith and Credit provisions of the United States Constitution. That argument fails. Massachusetts has imposed no tax on the distributions from the Smiths' IRA and SEP accounts that the Smiths have reported as federal adjusted gross income for tax years 1999 and 2000. Thus, there is no double taxation on sums reported as federal adjusted gross income in 1999 and 2000.

[¶ 11] Maine income tax for the tax years 1999 and 2000 was based on the

---

2. Maine taxable income currently is "equal to the individual's federal adjusted gross income as defined by the Code with the modifications and less the deductions and personal exemptions provided in this chapter." 36 M.R.S.A. § 5121 (Supp. 2003). Slight changes in the law, enacted in 2003, P.L. 2003, ch. 390,

§ 26, do not substantively affect any of the issues in this case.

3. Our review of the record does not indicate that the Smiths raised the Equal Protection issue in their arguments to the Superior Court.

taxpayers' reported federal adjusted gross income. In tracking the federal tax laws, both for the calculation of taxable income and for the allowance of tax deferral of contributions to IRA and SEP accounts, with income taxes to be imposed when the distribution occurs, Maine violated no provision of the United States Constitution.

[¶ 12] Were the law as the Smiths would have it, with the State obligated to offset taxes previously imposed on income used to generate IRA and SEP contributions, (though notably not on the IRA and SEP contributions themselves), calculation of the basis for taxation of IRA and SEP distributions would become a difficult or impossible task. Over a twenty or thirty-year-period individuals may live in five or six or more states. Like Maine, some of these states may not tax the income contributed to IRA and SEP plans, but defer collection of the tax attributable to income contributed to these accounts until those amounts are distributed. Other states, like Massachusetts, may tax the income at the time it is earned and the contribution is made, but they do not tax the subsequent distributions.[4] Some states may impose no income tax at any point, either contribution or distribution. Those states that do impose an income tax at either the contribution or distribution stages may impose it at widely differing rates. In calculating the Maine income tax to be imposed on distributions from tax deferred accounts, the State is not required by the United States Constitution to identify and factor in all the various taxes, at the varying rates, that, through the years, may or may not have been imposed on the income contributed to the tax deferred accounts.

[¶ 13] The State commits no constitutional violation by relying, for commencement of its taxation calculations, on the federal adjusted gross income reported on the federal tax returns, then adjusting the Maine tax to consider state taxes imposed on an individual's reported federal adjusted gross income in the year—here 1999 or 2000—that the distribution occurs and is reported as income.

The entry is:

Judgment affirmed.

---

**4.** Massachusetts may have changed its tax law to now tax IRA and SEP distributions, except where the distributions were subject to Massachusetts income tax when contributed. MASS. ANN. LAWS. ch. 62, § 2(a)(2)(F), (3)(c) (Law. Co-op 2001 & Supp. 2004).