2012 ME 32

**VICTOR BRAVO AVIATION, LLC**

v.

**STATE TAX ASSESSOR.**

Supreme Judicial Court of Maine.

Argued: Feb. 15, 2012.
Decided: March 13, 2012.

---

Jonathan A. Block, Esq. (orally), and Robert A. Creamer, Esq., Pierce Atwood LLP, Portland, for appellant Victor Bravo Aviation, LLC.

William J. Schneider, Attorney General, Scott W. Boak, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State Tax Assessor.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

ALEXANDER, J.

[¶ 1] Victor Bravo Aviation, LLC (Victor Bravo) appeals from an order on remand entered in the Business and Consumer Docket (*Humphrey, C.J.*) declining to waive or abate interest for non-payment of use tax assessed against Victor Bravo. Victor Bravo argues that the trial court erred by declining to waive or abate interest assessed against Victor Bravo, pursuant to 36 M.R.S. § 186 (2005).[1] We affirm the trial court's order.

## I. CASE HISTORY

[¶ 2] Victor Bravo, a limited liability company organized in Connecticut, purchased an aircraft in Connecticut in 2004, that was constructed abroad and flown to Victor Bravo in Connecticut in 2005. Victor Bravo did not register the aircraft in Maine, but used it regularly in Maine dur-

---

1. Title 36 M.R.S. § 186 has since been amended. P.L.2009, ch. 625, § 3 (effective July 12, 2010) (codified at 36 M.R.S. § 186 (2011)).

ing the first twelve months of ownership.[2] In February 2007, the State Tax Assessor assessed Victor Bravo a use tax on its aircraft of $120,850, plus interest of $20,397.12 and penalties and costs of $36,255. Victor Bravo challenged the assessment. The State Tax Assessor (Assessor) upheld the assessment of the tax, interest, and penalties.

[¶ 3] Pursuant to M.R. Civ. P. 80C and 36 M.R.S. § 151 (2010),[3] Victor Bravo sought a de novo determination by the Superior Court from which the case was transferred to the Business and Consumer Docket. Both parties filed motions for summary judgment. The court entered judgment for the Assessor, affirming the assessment of the tax and interest, and judgment for Victor Bravo, waiving and abating the non-payment penalty. The parties cross-appealed from that judgment.

[¶ 4] We affirmed the judgment except for the issue of interest waiver or abatement. *See Victor Bravo Aviation, LLC v. State Tax Assessor (Victor Bravo I)*, 2011 ME 50, ¶¶ 3, 26, 17 A.3d 1237. On the interest waiver issue, we vacated and remanded for the court "to make its own determination whether interest should be waived or abated based on the undisputed facts presented on summary judgment" because the court was "required to determine the merits of the case de novo rather than undertaking traditional appellate review of agency action." *Id.* ¶ 26; *see* 36

M.R.S. § 151; *Foster v. State Tax Assessor*, 1998 ME 205, ¶ 7, 716 A.2d 1012.

[¶ 5] On remand, the court declined to waive or abate the interest that is due "from the date on which payment would have been due in the absence of review," pursuant to 36 M.R.S. § 186. After correcting a clerical mistake, the court concluded that Victor Bravo owed $36,734.90 in statutory interest as of the date of the reconsideration decision. In order to determine the amount of interest currently owed, the court remanded the matter to the Assessor.[4]

[¶ 6] Victor Bravo timely appealed.

## II. STANDARD OF REVIEW

 [¶ 7] We review directly the decision of the trial court because the court is mandated by statute to determine de novo the merits of fact issues and discretionary decisions in the case. *See* 36 M.R.S. § 151 (2010); *Victor Bravo I*, 2011 ME 50, ¶¶ 10, 26, 17 A.3d 1237; *Stewart Title Guar. Co. v. State Tax Assessor*, 2009 ME 8, ¶ 11, 963 A.2d 169; *see also Enerquin Air, Inc. v. State Tax Assessor*, 670 A.2d 926, 928–29 (Me.1996). In a state tax appeal decided on cross-motions for summary judgment, when the facts are stipulated or there is no dispute about the facts, we will review deferentially inferences from the record reasonably drawn by the trial court and discretionary decisions made by the trial court to reach its result. *See Enerquin Air*, 670 A.2d at 927–28. Because we

---

2. *Victor Bravo Aviation, LLC v. State Tax Assessor (Victor Bravo I)*, 2011 ME 50, ¶¶ 5–6, 17 A.3d 1237, provides factual background regarding Victor Bravo's use of the aircraft in Maine.

3. Title 36 M.R.S. § 151 has since been repealed and replaced. P.L.2011, ch. 439, § 2 (effective July 1, 2012). Title 36 M.R.S. § 151–B(5) has since been enacted. P.L. 2011, ch. 439, § 2 (effective July 1, 2012) (to be codified at 36 M.R.S. § 151–B)(5) (provid-

ing that the "Superior Court shall conduct a de novo hearing and make a de novo determination of the merits of the case").

4. Because the court remanded the matter to the Assessor to update the amount of statutory interest owed, an entirely ministerial act, the judgment is considered final and subject to appellate review. *See Doggett v. Town of Gouldsboro*, 2002 ME 175, ¶ 8, 812 A.2d 256.

directed the trial court to make its determination based on the undisputed facts already considered in the summary judgment proceeding, *see Victor Bravo I,* 2011 ME 50, ¶ 26, 17 A.3d 1237, we review the court's statutory interpretation de novo as a matter of law, *see Blue Yonder, LLC v. State Tax Assessor,* 2011 ME 49, ¶ 7, 17 A.3d 667; *Smith v. State Tax Assessor,* 2004 ME 120, ¶ 5, 860 A.2d 387.

### III. LEGAL ANALYSIS

■ [¶ 8] Title 36 M.R.S. § 186 provides, in pertinent part, that "[a] tax that is upheld on administrative or judicial review bears interest from the date on which payment would have been due in the absence of review." This requirement supports the reasonable purpose that the investment value of money retained by late payment of taxes should benefit the State, not the individual or entity that delayed payment. However, "[i]f [a taxpayer's] failure to pay a tax when required is *explained to the satisfaction* of the assessor, the assessor may abate or waive the payment of all or any part of that interest." 36 M.R.S. § 186 (emphasis added). This statutory language indicates legislative intent to confer upon the assessor broad discretion to waive or abate the interest due on an unpaid tax when the delayed payment is satisfactorily explained.

[¶ 9] In contrast to section 186 addressing interest, the penalty waiver or abatement statute, 36 M.R.S. § 187–B(7) (2005),[5] mandates that "[f]or reasonable cause, the State Tax Assessor *shall* waive or abate" the imposition of a penalty for failure to pay taxes when due if the taxpayer meets its burden in showing "reasonable cause"[6] (emphasis added). *See John Swenson Granite, Inc. v. State Tax Assessor,* 685 A.2d 425, 429 (Me.1996).

■ [¶ 10] Unlike the penalty waiver statute, section 187–B(7), the interest waiver statute, section 186, confers broad discretion on the assessor because it does not require a waiver or abatement of interest upon a showing of reasonable cause. The difference indicates a legislative purpose to allow taxpayers to obtain a waiver or abatement of penalties based on a lower threshold of proof than is necessary to obtain a waiver or abatement of interest.[7]

[¶ 11] Before the trial court, Victor Bravo asserted four arguments to support its choice not to pay the tax when it was due or when it was initially assessed: (1) the Assessor's own publications erroneously indicated that the sales tax and the use tax have the same exemptions; (2) our determination in *Victor Bravo I* that Victor Bravo "provided substantial authority for its failure to pay the use tax," 2011 ME 50, ¶ 25, 17 A.3d 1237; (3) our reference to the "sufficiently substantial" test for exemption pursuant to 36 M.R.S.A. § 1760(45)(B) (Supp.2002) in *Blue Yonder* was not reasonably anticipated because the

---

5. Title 36 M.R.S. § 187–B(7) has since been amended. P.L.2011, ch. 380, § L–1 (effective June 20, 2011) (codified at 36 M.R.S. § 187–B(7) (2011)).

6. Section 187–B(7) provides specific instances that would amount to "reasonable cause," including when a taxpayer's "failure to file or pay resulted directly from erroneous information provided by the Bureau of Revenue Services" or "the taxpayer has supplied substantial authority justifying the failure to file or pay." 36 M.R.S. § 187–B(7)(A), (F) (2005).

7. If a statute is ambiguous, we may look to the legislative history of the statute to discern the meaning of the provision. *See Schaefer v. State Tax Assessor,* 2008 ME 148, ¶ 16, 956 A.2d 710. In this case, the legislative history of section 186 does not illuminate the Legislature's intent because the waiver or abatement provision has not been amended in any pertinent manner since enactment.

matter was of first impression for the Court, *see* 2011 ME 49, ¶ 22, 17 A.3d 667; and (4) our clarification, in *Victor Bravo I,* that the phrase "located in this State" within the definition of "use," pursuant to 36 M.R.S. § 1752(21) (2005), does not apply to a "conveyance [merely] used for shipping across state lines" was not reasonably anticipated, *see* 2011 ME 50, ¶¶ 13–14, 17 A.3d 1237.

[¶ 12] On remand, the trial court interpreted our instruction that it apply a de novo review when determining whether to waive or abate the interest on the undisputed facts presented on summary judgment to mean that "the court thus must determine whether *it* is satisfied with the explanation of Victor Bravo for failure to pay, without regard to the discretion of the Assessor." *See Victor Bravo I,* 2011 ME 50, ¶ 26, 17 A.3d 1237; *see also Enerquin Air,* 670 A.2d at 928 (stating that "the court functions as the forum of origin for a determination of both facts and law" when reviewing the decision of the Assessor).

[¶ 13] Applying a de novo review, the court provided the following reasoning for upholding the interest on tax due:

> Informed by the statutory scheme, the court concludes that whether a satisfactory explanation is a "legitimate explanation," *see Garland* [*v. Roy* ], 2009 ME 86, ¶ 18 n. 4, 976 A.2d [940] at 846 [946], an "objectively justifiable explanation," *see* [*State v.*] *Dunlap,* 396 [395] A.2d [821] at 824 [ (Me.1978) ], or even an "explanation that a reasonable person would find satisfactory," as [Victor Bravo] contends, the court does not find [Victor Bravo's] explanation satisfactory (i.e., reasonable belief that exemptions applied; "substantial authority" for failure to pay tax; and Law Court's recent articulation of a "substantial use" standard) and does not waive any portion of the interest on tax due. [Victor Bravo] could have paid the tax at the outset of

this case, thus halting the accrual of interest, without losing its right to challenge the assessment. *See* 36 M.R.S. § 152 (2010); *Precast Structures Inc. v. State Tax Assessor,* 568 A.2d 517, 518 (Me.1990); *Weston Resources, Inc. v. State Tax Assessor,* 1997 Me.Super. LEXIS 363, No. CV–96–358, at *8–*9 (Me.Super.Ct. Dec. 1, 1997).

[¶ 14] The court acted within the bounds of broad statutory discretion when making its determination that Victor Bravo's explanations were not sufficiently satisfactory. As discussed above, the satisfactory explanation standard in section 186 indicates a highly discretionary standard that is not easily met by the taxpayer. It supports the reasonable purpose of most statutory and contractual interest payment requirements to assure that the investment value of money inures to the benefit of the party that should have been paid the money when the payment obligation arose. Victor Bravo offered reasonable arguments for its failure to pay the use tax, which supported the trial court's waiver or abatement of the penalties imposed by the Assessor. *See* 36 M.R.S. § 187–B(7)(A), (F). While Victor Bravo's arguments satisfied the reasonable cause standard for penalty waiver or abatement, they do not *ipso facto* provide the satisfactory explanation for interest waiver or abatement. Confined to the existing record, as we instructed on remand, the court considered Victor Bravo's arguments for failure to pay the tax and deemed them unsatisfactory to warrant a waiver or abatement of interest.

[¶ 15] The trial court did not err or abuse its discretion in reaching its decision.

The entry is:

Judgment affirmed.