In Equity.

EDWIN H. WILLIAMS et al. *vs.* NEWLAND DEARBORN et als.

Penobscot.    Opinion August 7, 1906.

*Wills. Rule of Construction.    Codicil.    Same Construed.    Change of Intention.*

The familiar rule in the construction of wills frequently recognized and stated by this court, that if a testator makes a testamentary disposition of the whole estate in any property a devise over of any remainder in that property is inoperative, because nothing is left which can be the subject of a devise over, is not applicable when the inconsistent devises are contained, one in the original will and the other in a subsequent codicil, as then the testator is presumed to have changed the intention which he had at the time of making the first testamentary disposition of the property in question, and his last will, that is, the codicil, will take effect.

By the will to be construed in this case, the testator devised and bequeathed all of his property of every description, after the payment of debts and expenses, to his wife in fee. Some sixteen years later he made the following codicil :

" Be it remembered, that I, Alonzo B. Dearborn of Corinna, a farmer and lumberman, do make this my codicil hereby confirming my last will made on the nineteenth day February 1881 and do hereby give, devise bequeath my estate and property real and personal to my legal heirs after the decease of my beloved wife, Julia A. Dearborn who will have the use and management during her lifetime should she survive my decease the balance if any to be disposed of as aforementioned."

*Held :* that the language of the codicil, "hereby confirming my last will made on the nineteenth day of February, 1881," should not be construed as showing an intention upon the part of testator to confirm that will in

full, since if such had been his intention he would not have made the codicil. That what he did mean was to confirm the will except as modified by the codicil. That under the will and codicil the wife took an estate for life in all of the property left by the testator, with the power to dispose of any portion of the same during her lifetime, and that at her decease all of the property of the testator remaining at that time went to his heirs at law.

*Pickering* v. *Langdon*, 22 Maine, 413, overruled in part.

In equity. On appeal by plaintiffs. Decree in accordance with opinion.

Bill in equity by the plaintiffs, Edwin H. Williams, of Sherman, and James Atwood Taber of Corinna as executor of the last will and testament of Julia A. Dearborn, late of Corinna, deceased, originally brought against the defendants, Newland Dearborn and Fred T. Dearborn, both of Bangor, Charles Dearborn and Francis M. Holt, both of Corinna, and James M. Sanborn of Newport as administrator de bonis non with the will annexed of the estate of Alonzo B. Dearborn late of Corinna, deceased. Afterwards by amendment, Mary E. Trueworthy of Bangor, Eliott Page of Brewer, Charlotte Darling of Enfield, Albion Currier of Spokane, State of Washington, Rufus Page and Alonzo Page both of Pittsfield, were also made defendants.

This bill was brought for the purpose of obtaining the construction of the last will and testament of the aforesaid Alonzo B. Dearborn and a certain codicil thereto.

The prayer in the plaintiffs' bill, omitting that part asking for general relief, was as follows :

"First. That the court will construe and interpret the provisions of said last will and testament and codicil of said Alonzo B. Dearborn, and particularly determine :

"1. Whether under the second paragraph of said last will and testament and the confirmation thereof by said codicil the said Julia A. Dearborn took an absolute title to all the property of the said Alonzo B. Dearborn, real, personal and mixed, after the payment of the debts and charges specified in the first paragraph of said will.

"2. Whether any legal effect can be given to any part of said codicil, and if so what, and whether all or any of said section is or is not void."

This cause was heard on bill and answer by the justice of the first instance, who " adjudged and decreed that under the will and codicil of Alonzo B. Dearborn, his widow, Julia A. Dearborn, took a life estate in all his property, and only a life estate, remainder over to his heirs." Thereupon the plaintiffs, in accordance with the provisions of chapter 79, section 22 of the Revised Statutes, appealed to the Law Court.

The case appears in the opinion.

*W. I. Wood and Powers & Archibald,* for plaintiffs.
*James M. Sanborn and E. C. Ryder,* for defendants.

SITTING: WISWELL, C. J., WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

WISWELL, C. J.   Alonzo B. Dearborn died in December 1898 leaving a will which was duly admitted to probate. By the will, made February 19th, 1881, he devised and bequeathed all of his property of every description, after the payment of debts and of expenses, to his wife in fee. But on November 18, 1897, he made a codicil to this will which is as follows, correcting the spelling :

"Be it remembered, that I, Alonzo B. Dearborn of Corinna, a farmer and lumberman, do make this my codicil hereby confirming my last will made on the nineteenth day Feb. 1881 and do hereby give, devise, bequeath my estate and property real and personal to my legal heirs after the decease of my beloved wife Julia A. Dearborn who will have the use and management during her lifetime should she survive my decease the balance if any to be disposed of as aforementioned."

Mrs. Dearborn, the wife of the testator, died March 14, 1904.   In this bill in equity, in which all of the persons interested, either as heirs of Alonzo B. Dearborn or of his widow, Julia A. Dearborn, are parties, a construction is asked of this will and codicil, the specific questions asked being: " Whether under the second paragraph of said last will and testament and the confirmation thereof by said codicil, the said Julia A. Dearborn took an absolute title to all the property of the said Alonzo B. Dearborn, real, personal and mixed,

after the payment of the debts and charges specified in the first paragraph of said will." And: "Whether any legal effect can be given to any part of said codicil and if so what, and whether all or any of said section is or is not void."

The position of the complainants, who claim under Julia A. Dearborn, is that by the will the testator gave all of his property in fee to his wife; that by his codicil he first confirms this will, and then proceeds to devise and bequeath a remainder, after the decease of his wife to his legal heirs; that this devise over of a remainder is inoperative and void because there was no remainder. And they rely upon the familiar rule, universally recognized and frequently stated by this court in its decisions from *Ramsdell* v. *Ramsdell*, 21 Maine, 288, down to the present time that if a testator makes a devise of the whole estate in any property a devise over of any remainder in that property is inoperative because nothing is left which can be the subject of a devise over. A testator can not divide an estate into more parts than the estate contains. But this rule is not applicable when the inconsistent devises are contained, one in the original will and the other in a subsequent codicil, as then the testator is presumed to have changed the intention which he had at the time of making the first testamentary disposition of the property in question, and his last will, that is, the codicil, will take effect. *Derby* v. *Derby*, 4 R. I., 414.

There is of course no question but that a testator may modify by a codicil any disposition of his property made in the original will, but the position of the complainants is that by the codicil in question the testator first confirmed the provisions of his will and that therefore the rule above referred to is applicable and makes the further provisions of the codicil inoperative.

But the controlling rule in the construction of wills, to which all other rules must yield, is that the intention of the testator is to be ascertained if possible, and that such intention when ascertained, will prevail, provided it is consistent with legal rules. In this case there can be no question but that this testator intended to modify the devise and bequest to his wife. At first, as shown by the will, he intended that she should be the sole beneficiary and should take an estate in fee in all of his property; sixteen years later, when he made the

codicil in question, his evident intention was to give the whole of his property to his wife for her life, with the power of disposing of it during her life, but that "the balance if any" at the decease of his wife, should go to his own legal heirs rather than to those of his wife's. Although it is apparent that the codicil was made by some one inexperienced in the drafting of legal documents, there would be no question but that this evident intention had been carried into effect, and in appropriate terms, except for the use of the language of the codicil in which he says that he confirms the previous will. Can the effect of this clause be to make the whole codicil of no effect? We think not. Such a construction would be unnatural and forced and contrary to the controlling rule that the intention of the testator is to control when it can be ascertained. The only purpose and intent that the testator could have had in making this codicil was to modify this devise to his wife, to give her a life estate, with the power of disposal during life, rather than the estate in fee which she would have taken under the will, the very purpose and object of a codicil.

We think it clear that the testator did not mean to confirm his will in whole, since if such had been his intention he would not have made the codicil. What he did mean was to confirm the will except as modified by the codicil. Such a construction is consistent and gives effect to the whole instrument. The whole of the will and codicil and all of its parts must be considered and construed together for the purpose of ascertaining the intention of the testator, and when this is done, we have no question that his intention was not to confirm the will in full, but to modify it to the extent that is clearly expressed therein.

While under the will and codicil the wife only took a life estate in the testator's property, we think, it is equally clear from the language of the codicil that she had the right to dispose of any portion of this property during her lifetime. The devise over was only of the "balance if any" at her decease. This clearly shows an intention upon the part of the testator to give to his wife a power of disposal during her lifetime, but it did not enlarge the estate given to her to a fee since it was expressly limited to a life estate. *Harris* v.

*Knapp,* 21 Pick. 412; *Ramsdell* v. *Ramsdell,* 21 Maine, 288; *Scott* v. *Perkins,* 28 Maine, 22; *McGuire* v. *Gallagher,* 99 Maine, 334.

Our conclusion is that the codicil is effective; that under the will and codicil the wife took an estate for life in all of the property left by the testator, with the power to dispose of any portion of the same during her lifetime; that at her decease, all the property of the testator remaining at that time went to the heirs at law of the testator. So far as this result is not in harmony with the case of *Pickering* v. *Langdon,* 22 Maine, 413, that case is overruled.

The result of the opinion is in accordance with the conclusion of the justice who heard the case and who ordered a decree, except that in the decree ordered and appealed from, nothing was said as to the wife's power of disposal, a question which was probably not raised, as it was not here. The decree will therefore be modified in that respect and a new decree made by a single justice in accordance with the opinion, at which time allowances for costs and counsel fees, to be paid out of the estate, may be made, as this court is not possessed of sufficient facts to pass upon these matters.

*So ordered.*