## 2003 ME 66

### PEERLESS INSURANCE CO.

v.

### PROGRESSIVE INSURANCE CO.

Supreme Judicial Court of Maine.

Submitted on Briefs: March 24, 2003.

Decided: May 5, 2003.

---

James D. Poliquin (orally), Norman, Hanson & DeTroy, LLC, Portland, for plaintiff.

John J. Wall III (orally), Monaghan Leahy, LLP, Portland, for defendant.

Panel: CLIFFORD, and DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Progressive Insurance Company appeals from a judgment entered in the Superior Court (Cumberland County, *Warren, J.*) determining it liable for 100% of the injuries suffered by Michael Haskell in an automobile accident caused in part by Progressive's insured and in part by an uninsured joint tortfeasor. Progressive contends that pursuant to the uninsured vehicle coverage statute, 24–A M.R.S.A. § 2902 (2000),[1] its exposure should be lim-

---

1. Section 2902(4), the applicable subsection, provides:

> In the event of payment to any person under uninsured vehicle coverage, and subject to the terms of such coverage, to the extent of such payment the insurer shall be entitled to the proceeds of any settlement or recovery from any person legally responsible for the bodily injury as to which such payment was made, and to amounts recoverable from the assets of the insolvent insurer of the other motor vehicle.

ited to its insured's percentage responsibility of fault and that Peerless Insurance Company, providing uninsured coverage to Haskell, should be responsible for the balance. We disagree and affirm the judgment of the Superior Court.

## I. FACTS AND PROCEDURE

[¶ 2] On April 10, 2000, Michael Haskell was injured in an automobile accident on Ridge Road in Bath when vehicles driven by Richard Creamer and Daniel Delano collided with his vehicle. Creamer was determined to be seventy-five percent at fault, and Delano twenty-five percent. Haskell's injury claim totaled $70,000. Creamer had no automobile liability insurance. Delano's Progressive automobile insurance policy provided liability coverage of $100,000 per person and $300,000 per occurrence. Haskell was insured under an automobile insurance policy with Peerless that provided uninsured/underinsured motorist coverage of $100,000 per person and $300,000 per occurrence. Peerless and Progressive reached an agreement allowing Haskell to receive prompt payment and the two insurers to reserve their rights to assert claims for payment against each other. As a result, Progressive and Peerless each paid Haskell $35,000 to settle his claim, and he provided each of them and Delano with a release and an assignment to each insurer of any rights he had to pursue the other insurer.

[¶ 3] In June 2001, Peerless sought to recover from Progressive the entire $35,000 that Peerless had paid in settlement of Haskell's claim, plus costs. Progressive denied Peerless's claim and counterclaimed, stating, "Progressive obtained an assignment from Haskell of any rights Haskell would have had against Peerless had Progressive paid the entire settlement

amount and pursued recovery of that amount based on its own rights and the rights assigned by Haskell." With Creamer uninsured and seventy-five percent responsible for the collision, Progressive contends that Peerless should be seventy-five percent responsible for the loss. The parties entered into a stipulated record and submitted the matter to the Superior Court for judgment.

[¶ 4] In October 2002, the Superior Court found in favor of Peerless and Progressive appeals.

## II. DISCUSSION

[¶ 5] "Statutory interpretation is a question of law that we review de novo." *Darling's v. Ford Motor Co.*, 2003 ME 21, ¶ 7, 817 A.2d 877, 879. We examine the statute's plain meaning and context in an effort to give effect to the Legislature's intent, *id.*, but "when the meaning of the statute is clear, there is no need to look beyond the words, unless the result is illogical or absurd," *Cent. Me. Med. Ctr. v. Me. Health Care Fin. Comm'n*, 644 A.2d 1383, 1386 (Me.1994).

[¶ 6] Overall, "[t]he uninsured motorist statute is to be construed so as to assure a person injured by an uninsured motorist that he will ... recover, from whatever source available, up to the total amount of his damages." *Wescott v. Allstate Ins.*, 397 A.2d 156, 167 (Me.1979). "[T]he law attempts to provide coverage in the insured's own policy ... *where it does not exist with the other operator* ...." *Id.* (emphasis added) (quoting *Rhault v. Tsagarakos*, 361 F.Supp. 202, 206 (D.Vt.1973)).

[¶ 7] The first line of defense in compensating a victim for damages is the tortfeasor(s)' liability insurer(s). "In a case involving multiparty defendants, each

24–A M.R.S.A § 2902(4) (2000).

defendant is jointly and severally liable to the plaintiff for the full amount of the plaintiff's damages." 14 M.R.S.A. § 156 (2003). "When liability is joint and several, the plaintiff may recover all of her damages from any of the tortfeasors.... A tortfeasor who has paid all of the claimant's damages may seek contribution *from other tortfeasors.*" Arlyn H. Weeks, *The Unsettling Effect of Maine Law on Settlement in Cases Involving Multiple Tortfeasors*, 48 Me. L.Rev. 77, 82 (1996) (emphasis added). Interpreting section 156 similarly, the First Circuit held that "each defendant has the right to obtain contribution *from any other parties at fault.*" *Gagne v. Carl Bauer Schraubenfabrick, GmbH*, 595 F.Supp. 1081, 1086 n. 5 (D.Me.1984) (emphasis added). "Whether or not an insurance policy expressly reserves subrogation rights, it is the universal rule that upon payment of a loss the insurer is entitled to pursue those rights *against a third party whose negligence or wrongful act caused the loss.*" *Emery Waterhouse Co. v. Lea*, 467 A.2d 986, 994 (Me.1983) (emphasis added).

[¶ 8] Although the legislative intent was to fully compensate the victim via insurance, we have previously addressed only questions that arise when insurance is insufficient to fully compensate the victim. *See, e.g., Tibbetts v. Me. Bonding & Cas. Co.*, 618 A.2d 731, 734 (Me.1992). This case requires us to consider who pays when insurance is adequate to provide full compensation to the victim.

■ [¶ 9] We adopt the Superior Court's sound and well-reasoned conclusion that "[t]he dispositive principle is that of joint and several liability, under which an injured party without fault may collect the entire amount of damages from a joint tort feasor who was only 25% at fault." While the twenty-five-percent-responsible tortfeasor may seek contribution from the sev-

enty-five-percent-responsible tortfeasor for anything over its share of the damages, that twenty-five-percent-responsible tortfeasor bears the risk that the joint tortfeasor will be judgment proof. That is the case here, and the fact that Haskell had uninsured/underinsured motorist (UIM) insurance does not change that result. As the Superior Court correctly observed, Peerless "did not insure Richard Creamer, and it did not provide some kind of 'uninsured joint feasor coverage'—coverage in the event a joint tortfeasor happens to be uninsured—to Daniel Delano." Therefore, Peerless is not liable to Progressive for contribution or reimbursement, but Progressive is liable to Peerless for the $35,000 Peerless advanced to Haskell.

[¶ 10] Section 2902(4) is clear and unambiguous, plainly stating that the UIM insurer that pays its injured claimant is entitled to "the proceeds of *any* settlement or recovery from *any person legally responsible for the bodily injury as to which such payment was made ....*" 24-A M.R.S.A. § 2902(4) (emphasis added). The plain language of section 2902(4) supports Peerless's right to recover from Progressive the money Peerless paid to Haskell.

[¶ 11] Progressive argues that our holding today is contrary to our holding in *Tibbetts*, 618 A.2d at 734. We disagree. *Tibbetts* deals with the marshalling of policies and coverages when there is not enough coverage to fully compensate the plaintiff for his injuries. That is not the case here.

[¶ 12] Because Progressive is jointly and severally liable, it is liable for the full amount of the claim, $70,000, and cannot demand contribution from Peerless. To allow it to do so would in essence make Peerless the liability insurer for Creamer. As the Superior Court concluded, "while Peerless may be required to make payments to Haskell, it is entitled to recover

the full amount of those payments from Delano's insurer."

The entry is:

Judgment affirmed.