STATE OF MAINE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-029

TINA HUSTUS,
Plaintiff

v.

ORDER

TOWN OF MEDWAY,
Defendant



FILED & ENTERED
SUPERIOR COURT

AUG 04 2003

PENOBSCOT COUNTY

DONALD L. GARBRECHT
LAW LIBRARY

AUG 25 2003

Pending before the Court is Tina Hustus' (the "Plaintiff") appeal from the

Medway Board of Appeals' (the "Board") decision partially denying her application for a

poverty tax abatement for tax years 2000 and 2001. For the following reasons the Court

denies the Plaintiff's appeal.

## Background

The Plaintiff resides and operates a used clothing retail store on a lot of land in the

Town of Medway. The retail property is physically connected and inseparable from the

Plaintiff's mobile home. The Town assessed property taxes in the amount of $2,513,54

for tax year 2000 and $2,363.65 for tax year 2001. On November 16, 2001, the Plaintiff

filed an Application for Property Tax Abatement because of Poverty and/or Disability

pursuant to 36 M.R.S.A. §841(2). On June 25, 2002, the Board of Selectmen denied her

application and the Plaintiff appealed the decision to the Board.

On September 30, 2002, the Board issued its decision and granted the Plaintiff a

partial poverty abatement in the amount of $368.00 against her 2000 real estate taxes and

$346.25 against her 2001 real estate taxes. Those figures represent the taxes on the

Plaintiff's residential property. The Plaintiff then filed the present appeal. The Plaintiff

alleges the Board failed to adequately explain its decision. Further, if the Board based its

decision on the belief that 36 M.R.S.A. §841(2) restricts poverty tax abatements to

residential property or that such a restriction was reasonable in this case, the Plaintiff contends it committed an error of law. Finally the Plaintiff contends the Board acted arbitrarily and capriciously. After an initial hearing the Court remanded the matter to the Board for full findings of fact and conclusions of law. On July 28, 2003, the Board filed its findings of fact and conclusions of law.

## Discussion

Courts review a municipality's decision for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. Griffin v. Town of Dedham, 2002 ME 105, ¶6, 799 A.2d 1239. Although not conclusive, Courts grant great deference to a municipality's interpretation of a statute it administers and uphold the interpretation unless the statute plainly compels a contrary result. Id at ¶7.

36 M.R.S.A. §841 (2)(G) requires the Board to state in its written decision, "the specific reason or reasons for the decision." Pursuant to the Court's order dated May 1, 2003, the Board has issued a written decision detailing how it determined the Plaintiff's income levels and expenses and how it used those figures to calculate her taxes. The Board further explained its rationale for granting the Plaintiff's request for abatement as to the taxes on her residence but denying her request as to the commercial property. Although, the Plaintiff has not challenged the adequacy of the Board's findings, the Court notes there is substantial evidence in the record to support the Board's decision. The only question remaining is whether the Board committed an error of law.

The Board, in its written decision, detailed how it applied the relevant statute to the present facts. Specifically, although noting the unique nature of the present situation, the Board determined that pursuant to the statute's plain language, 36 M.R.S.A. §841(2)

does not apply to commercial property. Statutory interpretation is a question of law. Peerless Insurance Co. v. Progressive Insurance Co., 2003 ME 66, ¶5, 822 A.2d 1125. In order to give effect to the Legislature's intent the Court examines a statute's plain meaning and does not look beyond that meaning unless the result is illogical. Id.

36 M.R.S.A. §841(1) provides that the assessors may make any reasonable abatements to "correct any illegality, error or irregularity in assessment, provided that the *taxpayer* has complied with section 706…" (emphasis added) 36 M.R.S.A. §841(2) provides that the municipal officers may make such abatements "as they believe reasonable on the real and personal taxes on all *persons* who, by reason of infirmity or poverty, are in their judgment unable to contribute to the public charges." (emphasis added) The Board contends the Legislature purposely differentiated between "taxpayers" and "persons" because any "taxpayer" should be allowed an abatement due to error or illegality while only "persons", not businesses, could be considered infirm or impoverished. The Court has stated the statute's purpose is to "prevent towns from forcing the sale of property in order to collect taxes from those otherwise unable to pay." Macaro v. Town of Windham, 468 A.2d 604, 606 (Me. 1983). The Board contends the Legislature did not intend to extend that protection to commercial property but instead intended to prevent towns from forcing people to sell their homes. The Board's interpretation is not clearly erroneous and, read in light of the statute's plain language, does not lead to an illogical result. The Board did not commit an error of law when it ruled that the statute does not apply to commercial property.[1]

---

[1] The Court notes that, because of the Plaintiff's unique situation, the Board's decision may result in a forced sale of her residence. However, even if the legislature intended the statue to control the present situation the Board was still within its rights to deny the Plaintiff's abatement request. The Board contends the Plaintiff was fully capable of contributing to the public charges in 2000

The Plaintiff further argues the Board abused its discretion when, during the initial hearing, Board members made various statements in opposition to her application. The Plaintiff does not offer any additional evidence indicating that the Board members' comments resulted in bias or prejudice. Vague allegations of bias are insufficient to prove abuse of discretion. Ryan v. Town of Camden, 582 A.2d 973, 975 (Me. 1990)

THE DOCKET ENTRY IS:

The Plaintiff's appeal is denied.

The clerk is ordered to incorporate this decision into the docket by reference.

DATED: _____

_____
Justice, Superior Court
Andrew M. Mead

---

regardless of the fact she was unemployed and living off her savings. The Board argues that she could have included incremental monthly tax payments in her budget. Further, the Board argues, in 2001 the Plaintiff's tax returns revealed a net profit and again she could have contributed to the public charge. The Board has broad authority to determine if an individual is unable to contribute to the public charge and may base its decision not just on the present circumstances but it may take "into account all of the facts and circumstances relevant to the taxpayer's alleged inability to pay." Gilmore v. City of Belfast, 580 A.2d 698, 700 (Me. 1990).

Date Filed __10/30/02__ __PENOBSCOT__ Docket No. __AP-2002-29__
County

Action __80B APPEAL__

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

__TINA L. HUSTUS__ (APPELLANT) VS. __TOWN OF MEDWAY__ (APPELLEE)

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PINE TREE LEGAL ASSISTANCE, INC.<br>61 MAIN STREET<br>BANGOR, ME. 04401<br>BY: CARL E. KANDUTSCH, ESQ. | Tanous & Snow<br>P O Box 246<br>East Millinocket ME 04430<br>BY: G. Bradley Snow Esq. |

| Date of Entry | |
|---|---|
| 10/30/02 | Petition for Review of Governmental Action (M.R.Civ.P. 80B) filed. |
| 11/1/02 | Notice and Briefing Schedule 80B Appeal of Governmental Actions filed. Copy forwarded to Plaintiff's attorney and Town of Medway at hcr 86 Box 320 Medway, ME. 04460. |
| 11/22/02 | Acceptance of Service by Bradley Snow, Esq. on behalf of Appellant, Town of Medway filed by Plaintiff. |
| 12/9/02 | Plaintiff's Brief filed. Attachment attached. Exhibit A -I attached. Transcript of Medway Board of Appeals Hearing filed. |
| 1/9/03 | Appellee's Motion for Extension of Time in Which to File Brief to 1/17/03 filed. |
| 1/9/03 | Entry of Appearance filed by G. Bradley Snow, Esq. on behalf of Appellee, Town of Medway. |
| 1/10/03 | Copy of Notice and Briefing Schedule 80B Appeal forwarded to G. Bradley Snow, Esq. |
| 1/10/03 | File presented to Justice Mead for review. |
| 1/13/03 | File returned by Justice Mead, court's ruling issued. |
| 1/13/03 | Court's ruling on Appellee's Motion for Extension of Time in Which to File Brief filed 1/9/03; Motion Granted. (Mead, J.) Copy forwarded to all attorneys of record. |
| 1/17/03 | Court's ruling dated 1/13/03 mailed to Attorney Kandutsch returned because of insufficient address. Remailed this day. |
| 1/21/03 | Brief of Appellee filed. |
| 1/21/03 | Index to Record on Appeal filed by Appellee. Documents 1-14 attached. |