STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND. SS
CLERK'S OFFICE

2003 SEP 10 P 4: 04

SUPERIOR COURT
CIVIL ACTION
DOCKETS NO. CV-03-001
RAC-CUM- 9/10/2003

JESSICA FLANAGAN,

Plaintiff

v.

HORACE MANN
INSURANCE CO.,

Defendant

ORDER

DONALD L. G      ECHI
LAW LIBRARY

OCT 1 2003

Before this court is Plaintiff's motion for partial summary judgment and Defendant's cross-motion for partial summary judgment, pursuant to M. R. Civ. P. 56.

## FACTS

The Defendant, Horace Mann Insurance Company, issued an automobile insurance policy to the Plaintiff Jessica Flanagan. The insurance policy provided bodily injury liability coverage of $100,000 per person and uninsured motor vehicle coverage of $100,000 per person. On June 26, 2001, Plaintiff was riding as a passenger in her Chevrolet Cavalier, the automobile covered by this insurance policy, when it was involved in a collision in South Portland, Maine. At the time of the collision, Mr. John Creamer, an insured under the insurance policy, was driving the Cavalier with the Plaintiff's permission. As a result of the accident the Plaintiff was injured and Mr. Creamer was killed. The driver of the other vehicle involved in the collision left the scene of the accident and has not been apprehended by the police.

After the accident, the Defendant paid the Plaintiff $100,000 under the bodily injury liability coverage of her insurance policy. In addition, New Hampshire Indemnity Company, Inc. paid $50,000 to the Plaintiff under the bodily injury coverage of the automobile insurance policy issued to Ms. Holly Creamer, Mr. Creamer's mother. The New Hampshire Indemnity policy did not provide uninsured motorist coverage for the Plaintiff's claims against the driver of the hit-and-run vehicle. On January 3, 2003, as a result of these events, Plaintiff filed a complaint in the Cumberland County Superior Court.

## DISCUSSION

In a motion for summary judgment, the moving party asserts that no genuine issue of material fact exists and that judgment may be rendered as a matter of law. When reviewing a motion for summary judgment this court must take into account that:

> [a] summary judgment is warranted when the statement of material facts and pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, cited in the statement of material facts establish that there is no genuine issue of material fact and that a party is entitled to a judgment as a matter of law.

Darling's v. Ford Motor Co., 2003 ME 21, ¶ 4, 817 A.2d 877, 879 (citing M. R. Civ. P. 56(c) (h)). In spite of language quoted in older cases, the Law Court has more recently noted that summary judgment is no longer considered an extreme remedy. Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18, 21.

The Plaintiff contends that the reduction clause in Defendant's automobile insurance policy is unenforceable as against public policy because it nullifies the statutorily mandated uninsured motorist coverage. "[W]hen the terms of an insurance policy conflict with mandatory statutory provisions, the statutory provisions must

2

prevail." Tibbetts v. Maine Bonding & Casualty Co., 618 A.2d 731, 732 (Me. 1992) (citing State Farm Mut. Auto Ins. Co. v. Universal Underwriters Ins. Co., 513 A.2d 283, 285 (Me. 1986)). The Law Court has held that "[o]verall, 'the uninsured motorist statute is to be construed so as to assure a person injured by an uninsured motorist that he will . . . recover, from whatever source available, up to the total amount of his damages.'" Peerless Insurance Co. v. Progressive Insurance Co., 2003 ME 66, ¶ 6, 822 A.2d 1125, 1127 (citing Westcott v. Allstate Ins., 397 A.2d 156, 167 (Me. 1979)). In addition, the Law Court has held that a reduction clause was unenforceable because it "would nullify the statutorily authorized coverage for damages caused by an underinsured motorist," and leave the injured parties with less than they could have recovered if the underinsured motorist was equally insured. Tibbetts, 618 A.2d at 734.

In this case both parties agree that the hit-and-run driver was uninsured.[1] The Plaintiff has also failed to receive any compensation from the Defendant under her uninsured motorist policy, because of the reduction clause contained in her policy. Consequently, the Plaintiff has failed to receive adequate compensation for her damages and has been left with less than she would have recovered if the hit-and-run driver were equally insured. Hence, this court finds that the reduction clause undermines the dominant purpose of providing the Plaintiff with all sums to which she is legally entitled and is therefore void against public policy and without effect.[2]

---

[1] (Joint Statement of Material Facts ¶ 12.)

[2] No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured, underinsured or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, resulting from the

Defendant cites Peerless as authority for the proposition that allows an uninsured motorist carrier subrogation rights to recover payments by the liability carrier or tortfeasor. This court finds, however, that because there is inadequate coverage to fully compensate the plaintiff, Peerless does not apply to the case at bar. See Peerless, 2003 ME 66 at ¶ 11, 822 A.2d at 1128.

WHEREFORE, this court shall **GRANT** Plaintiff's motion for partial summary judgment and **DENY** Defendant's cross-motion for partial summary judgment, pursuant to M. R. Civ. P. 56.

Dated: September _10_, 2003

Roland A. Cole
Justice, Superior Court

ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle.
24-A M.R.S.A. § 2902(1) (2003).

4

F COURTS
nd County
ox 287
ne 04112-0287

KURT OLAFSEN ESQ
PO BOX 130
PORTLAND ME 04112

LANCE WALKER ESQ
PO BOX 4600
PORTLAND ME 04112