STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    DOCKET NO: CV-09-289

STATE OF MAINE
Cumberland, ss. Clerk's Office
SUPERIOR COURT

APR 0 7 20

RECEIVED

VICKIE HARNDEN

                    Plaintiff,

        v.                                          ORDER

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

                    Defendant


Plaintiff Vicki Harnden seeks a declaration that defendant State Farm Mutual Automobile Insurance Co. has illegally withheld funds due to her under an arbitration award. Defendant State Farm has filed for summary judgment.

## BACKGROUND

On June 25, 2005, plaintiff Vickie Harnden was a passenger in a vehicle driven by Elwin Ellis. (Supp. S.M.F. ¶ 1.) While Ms. Harnden and Mr. Ellis were in the vehicle, they were struck by another car driven by an uninsured motorist. (Supp. S.M.F. ¶ 2.) Ms. Harnden was injured in the crash. (Supp. S.M.F. ¶ 3.)

At the time of the accident, Mr. Ellis had an insurance policy from defendant State Farm with a medical payments coverage limit of $100,000 per person. (Supp. S.M.F. ¶¶ 5–6.) Ms. Harnden carried two insurance policies, also issued by State Farm, each of which provided medical payments coverage limits of $5,000 per person and uninsured motorist coverage limits of $100,000 per person. (Supp. S.M.F. ¶¶ 8–9.) Ms. Harnden qualified as an insured under all aspects of all three policies for the purposes of this accident. (Supp. S.M.F. ¶¶ 6–9.)

1

Ms. Harnden made claims under all three policies, and while she was being treated for her injuries State Farm made payments totaling $23,512.88 on her behalf. These payments were allocated to Mr. Ellis's medical payments coverage. (Supp. S.M.F. ¶¶ 12–14.) On April 25, 2008, State Farm issued a $50,000 advance to Ms. Harnden and attributed the payment to Mr. Ellis's uninsured motorist coverage. (Supp. S.M.F. ¶ 15.) Ms. Harnden and State Farm then entered binding arbitration to determine the extent of Ms. Harnden's damages. (Supp. S.M.F. ¶ 16.) Ms. Harnden submitted medical bills totaling $38,762 to the arbitrator. (Supp. S.M.F. ¶ 18.) These included the bills that State Farm had already paid on Ms. Harnden's behalf. (Supp. S.M.F. ¶ 18.)

After considering all the evidence, the arbitrator awarded Ms. Harnden $38,762 for past medical expenses, $32,589 for lost wages, and $60,000 for pain and suffering, for a total award of $131,351. (Supp. S.M.F. ¶ 19; Pl.'s Compl. Ex. A.) Following the arbitrator's decision, State Farm issued a $50,000 settlement draft to Ms. Harnden under Mr. Ellis's uninsured motorist coverage, and a $7,838.12 settlement draft under her own uninsured motorist coverage. (Supp. S.M.F. ¶ 20.) With these settlement drafts, State Farm disbursed to Ms. Harnden or disbursed on her behalf a total of $131,351, the precise amount of the arbitration award.

To review, Ms. Harnden had a total insurance coverage limit of at least $230,000, consisting of a $25,000 medical payments coverage limit and a $100,000 uninsured motorist coverage limit under Mr. Ellis's policy, and a $5,000 medical payments coverage limit and a $100,000 uninsured motorist coverage limit under

2

Ms. Harnden's own policy.[1] At arbitration, Ms. Harnden was awarded $131,351 in damages, which included her past medical bills that State Farm had already paid. State Farm paid to Ms. Harnden or paid on her behalf a total of $131,351, consisting of: (1) $23,512.88 under Mr. Ellis's medical payments coverage; (2) a $50,000 advance under Mr. Ellis's uninsured motorist coverage; (3) a $50,000 settlement draft under Mr. Ellis's uninsured motorist coverage; and (4) a $7,838.12 settlement draft under Ms. Harnden's own uninsured motorist coverage.

Ms. Harnden filed her complaint on May 15, 2009, amended August 25, 2009, arguing that State Farm was not entitled to credit the $23,512.88 it first paid under Mr. Ellis's medical payments coverage toward the satisfaction of Ms. Harnden's arbitration award. She characterizes this as an illegal setoff and an attempt by State Farm to deprive her of a full recovery. State Farm first contends that Ms. Harnden is not entitled to recover more than the sum dictated by the arbitration award, and further argues that the law and the insurance policies allow it to count the initial medical payments toward Ms. Harnden's total recovery.

## DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); see also Levine v. R.B.K. Caly Corp., 2001 ME 77, ¶ 4, 770 A.2d 653, 655. Ms. Harnden admits to the material facts offered by State Farm, leaving only the legal issues raised by those facts for this court's review.

---

[1] The court is not asked to determine whether Ms. Harnden's second insurance policy would stack on the first, effectively doubling the first policy's coverage limits.

The oft-stated purpose of Maine's uninsured motorist statute is "to assure a person injured by an uninsured motorist that he will be able to recover, from whatever source available, up to the total amount of his damages." *Wescott v. Allstate Ins.*, 397 A.2d, 167 (Me. 1979); *see* 24-A M.R.S.A. § 2902 (2009). In this case the court must first determine whether the arbitration award was intended to comprise the full measure of Ms. Harnden's damages. If so, the facts demonstrate that those damages have been fully satisfied, depriving Ms. Harnden of a cause of action. *See Peerless Ins. Co. v. Progressive Ins. Co.*, 2003 ME 66, ¶ 8, 822 A.2d 1125, 1128 (noting that "the legislative intent was to fully compensate victims via insurance," and that questions generally only "arise when insurance is insufficient to fully compensate the victim"); *Trask v. Automobile Ins. Co.*, 1999 ME 94, ¶ 4, 736 A.2d 237, 237–238 (crediting insurer's prior payments under medical payment coverage toward total damages recovery); *Wescott*, 397 A.2d at 167 (uninsured motorist coverage intended to enable recovery only up to total damages); *Theriault v. Swan*, 558 A.2d 369, 372 (Me. 1989) (prohibiting double recovery for same loss); 22 Am. Jur. 2d *Damages* § 36 (2008) (injured plaintiff is to be made whole, not enriched). If Ms. Harnden has recovered the full measure of her damages, the issue of what policies or accounts funded her recovery becomes an accounting question in which Ms. Harnden has no demonstrated interest.

The arbitration award itself does not explicitly characterize the award as damages. However, the arbitrator considered all the relevant facts and awarded Ms. Harnden sums for lost wages and pain and suffering in addition to her medical expenses. Treatment of these elements of damages is consistent with the arbitration clauses of the uninsured motorist coverage policies, which state:

> Two questions must be decided by agreement between the *insured* and us:

4

> 1. Is the *insured* legally entitled to collect damages from the owner or driver of the *uninsured motor vehicle*; and
> 2. If so, in what amount?
>
> If there is no agreement, these questions shall be decided by arbitration . . . .

(Druary Aff. Ex. A at 15.) By the terms of the policy, the arbitration award was meant to stand for the total amount of damages Ms. Harnden had suffered. Ms. Harnden admits as much in her amended complaint, where she states that the parties entered into arbitration to resolve a dispute over "the amount of damages [due] to compensate Ms. Harnden for her injuries." (Pl.'s Compl. ¶¶ 8–9.)

The record makes it clear that the arbitration award of $131,351 represents the total damages Ms. Harnden suffered in connection with the collision. It is equally clear that Ms. Harnden has recovered, from whatever source, the total amount of her damages. Her medical expenses have been paid, and she has received cash for her lost wages and pain and suffering. She is entitled to no more. *See Wescott*, 397 A.2d at 167.

Ms. Harnden does, however, ask for more. She claims that she should be reimbursed again for the $23,512.88 in medical bills State Farm already paid on her behalf, because in the first instance they were paid out of the medical payments coverage rather than the uninsured motorist coverage. What State Farm characterizes as essentially a credit toward the satisfaction of her damages, Ms. Harnden calls an "offset." By doing so she attempts to bring this case into that line of cases in which insurance companies have attempted to use payments made under one policy coverage to reduce the available limits under another.

For example, in *Wescott v. Allstate Insurance*, the plaintiff was a passenger in an insured vehicle struck by an uninsured motorist. 397 A.2d at 160. The

5

plaintiff recovered $20,000 from the insured driver's insurance company under the driver's uninsured motorist coverage. *Id.* When the plaintiff attempted to recover additional funds from her own insurer, the defendant insurance company claimed that the coverage limits under the plaintiff's policy should be offset, or reduced, by the settlement figure. *Id.* at 163, 165. The Law Court ruled for the plaintiff, holding that Maine's uninsured motorist statute allows an insured to recover the full limit of each applicable uninsured motorist policy. *Id.* at 170. The Court also noted, however, that the plaintiff had to "prove her legal entitlement to damages from the uninsured motorist, as in tort, in order to recover . . . ." *Id.*

More recently, in *Molleur v. Dairyland Insurance Co.* the plaintiff was a passenger on a motorcycle involved in an accident with two other drivers. 2008 ME 46, ¶ 2, 942 A.2d 1197, 1199. The first driver was insured for $15,000 in liability coverage, and the plaintiff settled with the second driver's liability insurer for $3,000. *Id.* ¶ 4. The plaintiff also recovered $80,000 from the motorcycle driver's insurer under the liability coverage of the driver's policy. *Id.* Together, the plaintiff's total recovery from the drivers' liability policies was $98,000, which the parties stipulated was less than her total damages. *Id.* ¶¶ 4, 7 n.3, 942 A.2d at 1199, 1200 n.3.

With her damages unsatisfied, the plaintiff filed an action to recover as an insured under the motorcycle driver's underinsured motorist coverage policy. *Id.* ¶ 5, 942 A.2d at 199. The policy provided a $50,000 underinsured motorist coverage limit. *Id.* As an insured, the plaintiff sought $35,000 under the policy, an amount reflecting "the $50,000 policy limit offset by the $15,000 previously recovered" from the first driver's liability insurer. *Id.* The defendant insurer

6

argued that the $80,000 it had paid under the policy's liability coverage should offset or reduce its obligation under the policy's underinsured motorist coverage. *Id.* ¶ 6. The Law Court disagreed with the insurer and ruled for the plaintiff, holding that payments made under the policy's *liability* coverage could not offset or reduce the coverage available under the policy's *underinsured motorist* coverage. *Id.* ¶¶ 16–17, 942 A.2d at 1202.

Applied to this case, *Molleur* and *Wescott* show that State Farm may not limit the coverage limits available under one of the three policies due to payments made under another. Similarly, State Farm may not reduce the coverage limit available under a policy's uninsured motorist provision for payments made under the medical payments provision. If Ms. Harnden's damages approached or exceeded the coverage limits available to her under the three State Farm policies, the allocation of disbursements among the various coverage provisions might give rise to a legal controversy. However, the facts at hand are markedly different from such a hypothetical.

In this case, Ms. Harnden has been fully compensated for her damages, the amounts of which were well within the available coverage limitations. There is no evidence that State Farm has attempted to reduce the coverage available to Ms. Harnden or otherwise deprive her of a full recovery. Quite the contrary, the record shows that State Farm provided Ms. Harnden with medical coverage during her treatment and promptly paid her the full balance of her damages after they were determined through arbitration.

**The entry is:**

Defendant State Farm Mutual Automobile Insurance Co.'s motion for summary judgment is granted.

DATE: _April 9, 2010_

Roland A. Cole
Justice, Superior Court

8

-----------------------------------------------------------------------

01 0000006976          DRUARY, J WILLIAM JR
     44 ELM STREET PO BOX 708 WATERVILLE ME 04901-0708
     F      STATE FARM MUTUAL AUTOMOBILE INSURANCE C DEF       RTND    06/08/2009

02 0000002837          TEPLER, SHELDON J
     186 LISBON ST PO BOX 3065 LEWISTON ME 04243-3065
     F      VICKIE HARNDEN                              PL      RTND    05/15/2009

VICKIE HARNDEN VS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
UTN:AOCSsr  -2009-0052769                    CASE #:PORSC-CV-2009-00289
-----------------------------------------------------------------------

01 0000006976          DRUARY, J WILLIAM JR
     44 ELM STREET PO BOX 708 WATERVILLE ME 04901-0708
     F      STATE FARM MUTUAL AUTOMOBILE INSURANCE C DEF       RTND    06/08/2009

02 0000002837          TEPLER, SHELDON J
     186 LISBON ST PO BOX 3065 LEWISTON ME 04243-3065
     F      VICKIE HARNDEN                              PL      RTND    05/15/2009