MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:      2013 ME 77
Docket:        Yor-12-516
Argued:        June 12, 2013
Decided:       August 20, 2013

Panel:         SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and
               JABAR, JJ.

## HELEN RIVAS ROSE et al.

v.

## WILLIAM PARSONS JR. et al.

SILVER, J.

[¶1]  Helen Rivas Rose and Nathaniel P. Merrill appeal from the entry of a summary judgment by the Superior Court (York County, *Fritzsche, J.*) declaring that they did not have an easement to the beach across land of William Parsons Jr. and other neighbors (collectively Neighbors).  We vacate the summary judgment in part because we conclude that there may be an easement to the beach.

## I.  BACKGROUND

[¶2]  We rely on the undisputed material facts presented in the summary judgment record.  *See Doe I v. Williams*, 2013 ME 24, ¶ 10, 61 A.3d 718.  This case involves two potential easements across oceanfront property that provide access to Parsons Beach and Crescent Surf Beach in Kennebunk.  Charles Parsons, who died in 1904, owned all of the property involved.  Pursuant to his will, on

2

August 10, 1915, a plan was recorded that divided his property into lots and identified several roads (the 1915 Plan). Part of this plan is shown below as Figure 1. The property was divided among Mr. Parsons's heirs. Although some oceanfront properties have since been sold outside of the family, the majority of the properties have remained in the hands of Mr. Parsons's descendants, including the parties in this case.



**Figure 1**

[¶3] One of the lots depicted in the 1915 Plan is a back lot commonly referred to as the Farm Lot, which is one of the lots owned by Rose and Merrill. On the 1915 Plan, the beach is accessible via two pathways, Roads A and H. As

shown in the 1915 Plan, Road A is bordered by Lots F, CC, 12, and 21; and Road H is bordered by Lots B, B-1, and 1. Prior to 1943, the Farm Lot was conveyed via deeds that demonstrated that the Farm Lot was a dominant estate of the easements across Roads A and H.

[¶4] Between 1924 and 1943, Ms. Llewellyn Parsons acquired the Farm Lot as well as Lots B, B-1, F, CC, 1, and the portion of Lot 21 that abuts Road A. As a result, starting in 1943, Ms. Parsons owned the Farm Lot and all of the lots abutting Roads A and H, except for Lot 12. She did not convey any of these lots prior to her death in 1956, but a codicil to her will conveyed the Farm Lot to Helen Parsons Merrill with language as follows:

> I devise to you my niece, Helen Parsons Merrill, absolutely, that certain lot with the improvements thereon, designated on the aforesaid "Plan of Division of a Part of the Estate of Charles Parsons, Kennebunk, Maine" as Farm Lot, with all the appurtenances thereunto obtaining and subject to all of the residential restrictions and limitations, set forth in detail in deeds of record in the chain of title.

Rose and Merrill acquired title to the Farm Lot by deed from their father, who inherited the property through the residuary clause of his wife Helen Parsons Merrill's will. The deed conveyed the Farm Lot

> together with all my right, title and interest, in common with others, in and to the roads shown on the 1915 division plan; and . . . subject to and with the benefit of all other rights, privileges, easements, obligations, conditions, covenants, restrictions and reservations set forth in deeds and devises in record title to said properties insofar as

such benefits and burdens may be in force and effect and insofar as applicable to said properties.

The rights conveyed to Rose and Merrill included all of the rights Helen Parsons Merrill had in the property. The parties dispute whether currently there are easements over Roads A and H with the Farm Lot and others as the dominant estates and Lots B, B-1, F, CC, 1, 12, and 21 as the servient estates. The underlying property that Roads A and H cross is owned by the abutting landowners.

[¶5] Rose and Merrill listed part of the Farm Lot for sale, advertising that the lot had a "deeded right of way to the pristine shore." Rose and Merrill entered into an agreement to sell the parcel to unrelated individuals. The Neighbors' attorney sent a letter to Rose and Merrill's attorney and the buyers' attorney stating that the Farm Lot does not have deeded access to Roads A and H because the easements were terminated by 23 M.R.S. § 3031 (2012) or by abandonment. In response, the buyers withdrew from the contract.

[¶6] Rose and Merrill filed a complaint asking the court for a declaratory judgment that the owners of the Farm Lot have the right to use easements over Roads A and H based on chain of title or adverse possession. They also filed a slander of title claim. The Neighbors filed a counterclaim asking the court for a declaratory judgment that Rose and Merrill do not have the right to use the alleged

easements over Roads A and H. Following cross-motions for summary judgment, the court found that merger extinguished the easements and no later deed revived the easement. We conclude that even if the easements were extinguished through merger, Ms. Parsons's codicil established easements for the benefit of the Farm Lot. Due to that determination, we remand the case for the trial court to consider whether the easements created by the codicil still exist or were abandoned.

## II. DISCUSSION

[¶7] We review a grant of summary judgment "de novo and will affirm if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law." *Doe I*, 2013 ME 24, ¶ 10, 61 A.3d 718 (quotation marks omitted). Summary judgment is appropriate if the plaintiffs "fail[] to establish a prima facie case for each element of [their] cause of action." *Id.* (quotation marks omitted).

A. Establishing the Easements

[¶8] The trial court found that in 1943, when Ms. Parsons held all of the relevant properties, the merger doctrine extinguished the easements attached to the Farm Lot over the portions of Road A that abut Lots F, CC, and 21, and the portions of Road H that about Lots B, B-1, and 1. The court also found that "[n]o later deeds revived the easements for the plaintiffs." We do not reach the issue of

6

whether the merger doctrine extinguished the easements because we conclude that the codicil established the easements.

[¶9]  In 1956, when Ms. Parsons's will took effect, a party could legally convey real property through the recording of a will or a codicil in the registry of deeds.  *See generally Williams v. Dearborn*, 101 Me. 506, 64 A. 851 (1906) (permitting the transfer of real property through a codicil).  Because such conveyances typically lack the clarity of a deed, since 1981 recorded "deeds of distribution" are used to confirm a transfer of real estate by inheritance or by will. Cowan & Scannell, *Maine Real Estate Law and Practice* § 24:1 at 949-50 (2d ed. 2007); *see also* 18-A M.R.S. § 3-907 (2012) (requiring the execution of a deed of distribution).

[¶10]  A written instrument does not establish an easement unless the instrument expressly creates the easement.  Restatement (Third) of Prop.: Servitudes § 7.5 (2000) (discussing re-creation of an easement after termination). A will and codicil are interpreted within the four corners of the document, but the court "may use the context of the entire will to interpret specific sections." *In re Estate of Wilson*, 2003 ME 92, ¶ 11, 828 A.2d 784.  If the will is ambiguous, however, "[a] court may resort to extrinsic evidence."  *Id.*  The codicil to Ms. Parsons's will conveyed the Farm Lot "with all the appurtenances thereunto obtaining and subject to all of the residential restrictions and limitations, set forth

in detail in deeds of record in the chain of title." It is undisputed that the portion of the chain of title consisting of the 1915 Plan and deeds recorded prior to 1943 established easements over Roads A and H for the Farm Lot's benefit. Therefore, these easements appurtenant are unambiguously "set forth . . . in deeds of record in the chain of title" and are established by the codicil.

B.      Abandonment

[¶11] In their motion for summary judgment the Neighbors argued that Rose and Merrill abandoned the easement. The court did not reach this issue because it found that the merger doctrine extinguished the easements. Because the codicil established the easements, despite any application of the merger doctrine, on remand, the court must consider whether Rose and Merrill abandoned the Farm Lot's easements over Roads A and H after those easements were established by the codicil. *See Canadian Nat'l Ry. v. Sprague*, 609 A.2d 1175, 1179 (Me. 1992) (explaining how to prove abandonment of an express easement).

C.      Adverse Possession

[¶12] The court found that Rose and Merrill did not present prima facie evidence that they established easements over Roads A and H by adverse possession. We discern no error in the court's conclusion.

8

D.   Slander of Title

[¶13]   The court granted the Neighbors' motion for summary judgment on Rose and Merrill's slander of title claim.   In order to overcome the motion for summary judgment Rose and Merrill must present prima facie evidence of the following elements of slander of title: "(1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages."   *Colquhoun v. Webber*, 684 A.2d 405, 409 (Me. 1996).   The court found that Rose and Merrill failed to present any evidence from which a court could find "that there was a false statement made with malice or with reckless disregard of its falsity."   The trial court's findings are supported by the record.

E.   Paper Streets Statute

[¶14]   Because the easements were established by the codicil in 1956, in addition to being recorded on the 1915 Plan, it is not necessary to reach whether 23 M.R.S. § 3031(2), of the Paper Streets Act, 23 M.R.S. §§ 3027, 3031-3035 (2012); 33 M.R.S. § 460, 469-A (2012), applies in this case.

The entry is:

> Judgment vacated in part.   Remanded for further
> proceedings consistent with this opinion.

**On the briefs:**

Alan E. Shepard, Esq., Shepard & Read, Kennebunk, for appellants Helen Rivas Rose and Nathaniel P. Merrill

Richard A. Hull III, Esq., and Reid Hayton-Hull, Esq., Hull Law Office, LLC, Biddeford, for appellee Mary Elizabeth Fluke

Jens-Peter Bergen, Esq., Kennebunk, for appellee Llewellyn P.H. Alden

Kelly W. McDonald, Esq., and Peter S. Plumb, Esq., Murray, Plumb & Murray, Portland, for appellees William Parsons Jr., et al.

**At oral argument:**

Alan E. Shepard, Esq., appellants Helen Rivas Rose and Nathaniel P. Merrill

Kelly W. McDonald, Esq., for appellees William Parsons Jr., et al.

York County Superior Court docket number RE-2011-56
FOR CLERK REFERENCE ONLY