MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 73
Docket:        Yor-14-372
Argued:        May 13, 2015
Decided:       June 16, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

HELEN RIVAS ROSE et al.

v.

WILLIAM PARSONS JR. et al.

SAUFLEY, C.J.

[¶1] William Parsons Jr. and several neighboring landowners appeal from a summary judgment entered in favor of Helen Rivas Rose and Nathaniel P. Merrill by the Superior Court (York County, *Fritzsche, J.*) on the parties' claims for declaratory judgment regarding the continuing existence, scope, and extent of easements over two roads leading to the beach or ocean in Kennebunk. This is the second appeal in this matter, taken from the second judgment entered on cross-motions for summary judgment. *See Rose v. Parsons*, 2013 ME 77, ¶ 6, 76 A.3d 343.

I.  BACKGROUND

[¶2] In our opinion issued on the first appeal, we vacated in part the court's entry of summary judgment and remanded the matter to the trial court for it to consider issues it had not reached related to the continued existence or

abandonment of the easements. *See id.* ¶ 11. On remand, instead of presenting evidence or testimony for trial, and despite the court's prompt establishment of a deadline for depositions and scheduling of a trial date, the parties again pursued resolution through cross-motions for summary judgment.

[¶3] The court entered a summary judgment in favor of Rose and Merrill on their claim for a declaratory judgment. It denied the motion for summary judgment filed by Parsons and other neighboring landowners, dismissed one neighbor's cross-claim, and dismissed that neighbor's motion for summary judgment as moot. Parsons and the other neighboring landowners appealed.

## II. DISCUSSION

[¶4] Summary judgment process is not a substitute for trial, even if the likelihood of success at trial by one party or another is small. *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18 (citing *Niehoff v. Shankman & Assocs. Legal Ctr., P.A.*, 2000 ME 214, ¶ 10, 763 A.2d 121). When facts or reasonable inferences to be drawn from the facts are in dispute, the court must engage in fact-finding, and summary judgment is not available. *Id.* ¶ 9.

[¶5] Despite this limitation on summary judgment process, the parties chose to use the process here, perhaps assuming that the trial court could make necessary findings of fact on the record presented on summary judgment. To be clear, however, summary judgment process does not allow for judicial fact-finding. *See*

M.R. Civ. P. 56(c) (authorizing the entry of summary judgment based on the summary judgment record when "there is no genuine issue as to any material fact" and "any party is entitled to a judgment as a matter of law"). The resolution of the disputes remaining in this proceeding—including the existence, alleged abandonment, scope, and extent of easements—requires the determination of facts. Because the record reveals that there are several genuine issues of material fact in dispute, we conclude that the entry of summary judgment was not appropriate.[1] *See Rutland v. Mullen*, 2002 ME 98, ¶ 8, 798 A.2d 1104. We must therefore vacate the summary judgment and remand the matter for further proceedings.

[¶6] Recognizing that this matter has been pending since March 2011, we encourage the court and the parties to move swiftly toward final resolution on remand. Because the court entered an order on December 5, 2013, that established a December 20, 2013, deadline for the taking of depositions and set a trial date in May 2014, and because the parties thereafter proceeded with their motions for summary judgment, we assume that all discovery is by now complete.

[¶7] On remand, if the facts and the factual inferences to be drawn from them are, as one party suggests, not actually contested, the parties may present stipulated facts to the court for decision. *See Christian Fellowship & Renewal Ctr.*

---

[1] The record does not demonstrate that the parties agreed for the court to enter a decision on a fully agreed factual record that had been developed through the summary judgment process. *See Enerquin Air, Inc. v. State Tax Assessor*, 670 A.2d 926, 927 (Me. 1996) ("The parties agreed that it was not the facts but the interpretation of those facts that was in dispute.").

4

*v. Town of Limington*, 2006 ME 44, ¶¶ 5-11, 896 A.2d 287. Such stipulations are presented in a single document, reviewed and accepted by all parties, that states all relevant facts. *See id.* This stands in contrast with the competing statements of material facts that have been presented in the summary judgment record here.

[¶8] Alternatively, the parties may present contested facts by stipulating to the admission of a paper record that includes deeds, other documents, depositions, and affidavits. *See Peerless Ins. Co. v. Progressive Ins. Co.*, 2003 ME 66, ¶ 3, 822 A.2d 1125. When presented with a stipulated record, a trial court may—unlike on a motion for summary judgment—draw factual inferences from that evidence and decide disputed inferences of material fact to reach a final result. *See Boston Five Cents Sav. Bank v. Sec'y of Dep't of Hous. & Urban Dev.*, 768 F.2d 5, 11-12 (1st Cir. 1985). If the parties cannot agree on all of the documentary evidence to be presented, the parties may stipulate to the admission of certain documents and also present other evidence and live testimony at a trial. *See Harvey v. Furrow*, 2014 ME 149, ¶ 4, 107 A.3d 604.

[¶9] Thus, on remand, this matter can be resolved promptly on (1) stipulations of fact, *see Christian Fellowship & Renewal Ctr.*, 2006 ME 44, ¶¶ 5-11, 896 A.2d 287; (2) a paper record admitted by stipulation, *see Peerless Ins. Co.*, 2003 ME 66, ¶ 3, 822 A.2d 1125; (3) a paper record admitted by stipulation

supplemented with a brief evidentiary hearing, *see Harvey*, 2014 ME 149, ¶ 4, 107 A.3d 604; or (4) a full trial.

The entry is:

> Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

**On the briefs:**

Kelly W. McDonald, Esq., and Peter S. Plumb, Esq., Murray, Plumb & Murray, Portland, for appellants William Parsons Jr. et al.

Reid Hayton-Hull, Esq., Hull Law Office, LLC, Biddeford, for appellant Mary Elizabeth Fluke

Alan E. Shepard, Esq., Shepard & Read, Kennebunk, for appellees Helen Rivas Rose and Nathaniel P. Merrill

**At oral argument:**

Kelly W. McDonald, Esq., for appellants William Parsons Jr. et al.

Reid Hayton-Hull, Esq., for appellant Mary Elizabeth Fluke

Alan E. Shepard, Esq., Shepard & Read, Kennebunk, for appellees Helen Rivas Rose and Nathaniel P. Merrill

York County Superior Court docket number RE-2011-56
FOR CLERK REFERENCE ONLY